FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 APR -3  P 1:58

LORETTA G. WHYTE
CLERK

**MINUTE ENTRY**
**DUVAL, J.**
**MARCH 31, 2000**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| IN RE: | CIVIL ACTION |
|---|---|
| MDL NO. 1321 | MDL NO. 1322 |
| MASTERCARD | VISA INT'L |
| INTERNATIONAL INC., | ASSOCIATION |
| INTERNET GAMBLING | INTERNET GAMBLING |
| LITIGATION | LITIGATION |
| | |
| JUDGE DUVAL | JUDGE DUVAL |
| MAG. JUDGE CHASEZ | MAG. JUDGE CHASEZ |

**THIS DOCUMENT RELATES TO:**
**ALL ACTIONS**

Pursuant to the Transfer Orders of the Judicial Panel on Multidistrict Litigation issued on March 1, 2000,

**IT IS ORDERED**:

I.  **Consolidation**. The civil actions listed on Schedule A of this Order are consolidated for pretrial purposes.

DATE OF ENTRY
APR 3 2000

Fee _____
Process _____
X Dktd _____
CtRmDep _____
Doc.No. _____

II.     **Practice and Procedure Order**. Prior to the initial pretrial conference and the entry of a comprehensive order governing all further proceeding in this case, the provisions of this Order shall govern the practice and procedure in those actions that were transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its orders of March 1, 2000.

III.    **Filing Papers with Court.** The purpose of the following instructions is to reduce the time and expense of duplicate filings of documents through the use of a master file. It is not intended that a party would lose any rights based on a failure to follow these instructions.

A.      **Master Docket and Style.** The Clerk will maintain a master docket and case file under the style "Mastercard International Incorporated; Internet Gambling Litigation" and the identification MDL Docket No. 1321. Every pleading in these proceedings shall bear the following caption:

IN RE:                                                      CIVIL ACTION
                                                            MDL NOS. 1321 AND 1322
MASTERCARD
INTERNATIONAL INC.,                                         SECTION (K)
INTERNET GAMBLING
LITIGATION

THIS DOCUMENT RELATES TO:                                   JUDGE DUVAL
ALL ACTIONS                                                 MAG. JUDGE CHASEZ

When a pleading is intended to be applicable to all actions to which this Order is applicable, the words "**ALL ACTIONS**" shall appear immediately after the words "**THIS DOCUMENT RELATES TO:**" in the caption set out above. When a pleading is intended to be applicable to less than all of such actions, this Court's docket number of each individual action to which the document is intended to be applicable shall appear immediately after the words "**THIS DOCUMENT RELATES TO:**" in the caption set out above.

All orders, pleadings, motions and other documents identified as relating to "ALL CASES" shall, when docketed and filed in the master case, be deemed as docketed and filed in each individual case to the extent applicable and will not ordinarily be separately docketed or physically filed in such individual cases.

**B.     Docketing.** The Clerk is directed to make all entries on the master docket sheet with a notation listing the cases to which the document applies, except that a document closing a case will also be entered on the individual docket sheet. All documents shall be filed in the master file.

**Please note that cases removed or transferred to this Court are assigned a new case number in this Court.**

**C. Addresses; Number of Copies.** When filing documents with the Court, send one signed original and two copies **of all documents,** except send only one signed original and one copy of affidavits and exhibits, to the Clerk, U.S. District court, Eastern District of Louisiana. Documents should be stapled once and should **not** have "blue backs" or other cover sheets. Unless specifically

3

requested by the Court, do not submit additional copies to the Judge's chambers. Correspondence that is not intended to be docketed may be sent directly to Judge Duval's Chambers. Judge Duval's address is 500 Camp Street, New Orleans, Louisiana 70130.

    **D.**    **FAX.** Filing or correspondence by facsimile (FAX) is not permitted. With regard to correspondence, with verbal leave of Court and for good cause shown, correspondence may be allowed.

    **E.**    **Discovery Documents.** Pursuant to Fed. R. Civ. P. 5(d), discovery requests and responses are not to be filed with the Clerk or sent to the Judge's chambers except when specifically so ordered by the Court or to the extent needed in connection with a motion.

**IV. Out of State Counsel.** Counsel who appeared in a transferor court prior to transfer need not enter a separate appearance before this Court. Attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation, and the requirements of Local Rule 83.2.6E are waived. Association of local co-counsel is not required.

**V. Remand.** In the event that a case is remanded by the Panel, the parties shall furnish to the Clerk a stipulation or designation of the contents of the record and furnish all necessary copies of any pleadings filed so as to enable the transferee clerk to comply with the order of remand.

**VI. Rules of Procedure..** Except as otherwise provided herein or by further order of the Court, the Federal Rules of Civil Procedure and the local Rules of Civil Procedure for the Eastern District of Louisiana shall govern all further proceedings herein.

**VII. Correspondence.** Unless otherwise ordered by this Court, all substantive communications with the Court shall be in writing, with copies to opposing counsel. The Court's staff, including law clerks, shall not be contacted except to confirm routine scheduling matters.

**VIII. Status Conference.** A status conference shall be held **on June 1, 2000 at 10:00 a.m. in open court** to discuss the further prosecution of this matter. While future conferences may be held telephonically, all trial counsel shall attend this conference in person, including counsel from out-of-state.

## SCHEDULE "A"

## MDL NO. 1321

Evelyn L. Brown v. MasterCard International, Inc, et al., C.A. No. 00-0657 (*previously docketed in the Middle District of Alabama as C.A. No. 2:99-778*)

David T. Maple v. Capital One Bank, et al, C.A. No. 00-0658 (*previously docketed in the Northern District of Alabama as C.A. No. 2:99-665*)

Mark D. Eisele v. Mastercard International, Inc. et al., C.A. No. 00-0659 (*previously docketed in the Southern District of New York as C.A. No. 1:99-8743*)

Mark D. Eisele v. MasterCard International, Inc. et al., C.A. No. 00-0660 (*previously docketed in the Southern District of New York as C.A. No. 1:99-8784*)

Mark D. Eisele v. Mastercard International, Inc. et al., C.A. No. 00-0661 (*previously docketed in the Southern District of New York as C.A. No. 1:99-8785*)

## MDL NO. 1322

Mark Freeman v. Providian National Bank, et al, C.A. No. 00-0662 (*previously docketed in the Middle District of Alabama as C.A. No. 2:99-108*)

Mark Freeman v. Citibank Corp, et al, C.A. No. 00-0663 (*previously docketed in the Northern District of Alabama as C.A. No. 2:98-3029*)

Donald H. Jones, Jr. v. VISA International Service Association, et al, C.A. No. 00-0664 (*previously docketed in the Northern District of Alabama as C.A. No. 2:99-785*)

Mark D. Eisele v. VISA International Service Association, et al, C.A. No. 00-0665 (*previously docketed in the Northern District of California as C.A. No. 3:99-4669*)

Mark D. Eisele v. VISA International Service Association, et al, C.A. No. 00-0666 (*previously docketed in the Northern District of California as C.A. No. 4:99-3829*)

Mark D. Eisele v. VISA International Service Association, et al, C.A. No. 00-0667 (*previously docketed in the Northern District of Illinois as C.A. No. 1:99-4833*)