

MINUTE ENTRY
DUVAL, J.
JUNE 1, 2000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                        CIVIL ACTION
                                                    MDL NOS. 1321 AND 1322
MASTERCARD
INTERNATIONAL INC.,                                      SECTION (K)
INTERNET GAMBLING
LITIGATION

THIS DOCUMENT RELATES TO:                              JUDGE DUVAL
ALL ACTIONS                                        MAG. JUDGE CHASEZ

     Attending a status conference held this date were:

Patrick Vance for multiple defendant banks;
Daniel Bookin, David Newdorf, Barry Ashe, and Phil Wittman for Visa;
Jay Fastow, David Willenzik, and Anthony Rollo, for MasterCard International, Inc.;
Lawrence Miller and Mark Losocco for First Union National Bank;
Michael Edwards for First USA Bank N.A.;
David A. Zonana from Prudential Bank & Trust Co.;
James McCabe for Capital One, First Citizens, MBNA, and Wachovia;
Christopher R. Lipsett and Frank Massengale for the Citicorp entities;
Aaron Dettling for Fidelity Federal Bank FSB;
Benjamin Klubes for Associates First Capital and Associates National Bank;
Thomas Kavaler for Pentagon Federal Credit Union;
Gene Lafitte and Joe Norman for First Citizens Bank;
Alan Kaplinsky for Fleet Bank and Key Bank; and
Stephen Murray, Barry Reed, James Johnson, Lew Garrison, and Stephanie Lawrence for
the plaintiffs.

DATE OF ENTRY
JUN 1 4 2000

## I.    General Matters

## A.    Informal Resolution of Disputes

Counsel are expected to adhere to the highest standards of professional and ethical

conduct, and to comport themselves with courtesy to opposing counsel and respect for the court.

Counsel shall attempt, in good faith, to resolve all disputes informally before bringing them to

the attention of the court.  Informal resolution of controversies and the memorialization and

implementation of agreements by stipulation are encouraged to the extent consistent with the

requirements of the Local Rules.

## B.    Organization of Counsel

**1. Plaintiffs.**  Lead Counsel for the plaintiffs shall be named on all pleadings, and it has

been represented that Lead Counsel are enrolled in all cases before the court.  The court

designates the following as plaintiffs' Lead Counsel:

**Attorneys for Plaintiffs**
Barry G. Reed
Zimmerman Reed, P.L.L.P.
901 North Third Street, Ste. 100
Minneapolis, MN 55401

W. Lewis Garrison
Garrison, Scott, Gamble & Rosenthal, P.C.
2117 Magnolia Avenue South
Birmingham, AL 35205

James W. Johnson
Goodkind, LaBaton, Rudoff & Sucharow, L.L.P.
100 Park Avenue
New York, NY 10017

2

Stephen B. Murray
Stephanie M. Lawrence
The Murray Firm
909 Poydras Street, Ste. 2550
New Orleans, LA 70130

Defendants may effect service of any papers on plaintiffs by serving a copy of same on

Lead Counsel by overnight mail service, hand delivery, or facsimile.

   **2. Defendants**.  The court designates Jay Fastow and Daniel Bookin as Liaison Counsel

for the defendants.  Liaison Counsel shall have the following illustrative, but not exclusive,

responsibilities:  1) coordinate discovery with plaintiffs' Lead Counsel and among all defense

counsel; 2) coordinate the filing of motions with all defense counsel; 3) communicate with

plaintiffs' Lead Counsel to facilitate any scheduling regarding any facet of the litigation; and 4)

generally facilitate the exchange of information among the parties.  Plaintiffs shall serve all

papers upon the following counsel for the defendants, and upon any other defense counsel of

whom plaintiffs' Lead Counsel is notified:


 **Attorneys for Defendant MasterCard International Inc.**
Jay N. Fastow
Weil, Gotshal & Manges, L.L.P.
767 Fifth Avenue
New York, NY 10153

Anthony Rollo
McGlinchey Stafford
643 Magazine Street
New Orleans, LA 70130
(504) 586-1200

**Attorneys for Defendant Visa International Services Association**
Daniel H. Bookin
David B. Newdorf
O'Melveny & Myers, L.L.P.
275 Battery Street, 25th Floor
San Francisco, CA 94111-3305

Phillip A. Wittman
Barry W. Ashe
Stone, Pigman, Walther, Wittmann & Hutchinson, L.L.P.
546 Carondolet Street
New Orleans, LA 70130

**Attorneys for Defendants Associates First Capital Corporation and**
**Associates National Bank**
Benjamin Klubes
Skadden, Arps, Slate, Meagher & Flom, L.L.P.
1440 New York Avenue, NW
Washington, D.C.  20005-2111

**Attorneys for Defendants Capital One Bank; First Citizens Bank;**
**MBNA America Bank, N.A.; Wachovia Bank, N.A.; and Wachovia Bank Card Services**
James McCabe
Morrison & Foerster, L.L.P.
425 Market Street
San Francisco, CA 94105-2482

**Attorneys for Defendant Citibank (South Dakota), N.A.**
Christopher Lipsett
Wilmer, Cutler & Pickering
2445 M Street, NW
Washington, D.C. 20037

**Attorneys for Defendant Fidelity Federal Bank**
Edwin O. Rogers
Hand Arendall, L.L.C.
900 Park Place Tower
2001 Park Place North
Birmingham, AL 35203

**Attorneys for Defendants First union National Bank**
Lawrence E. Miller
Leboeuf, Lamb, Greene & MacRae, L.L.P.
One Riverfront Plaza
Newark, NJ 07102

**Attorneys for Defendant Heritage Bank of Commerce**
Scott D. Marcus
Sidley & Marcus
555 West Fifth Street
Los Angeles, CA 90013

**Attorneys for Defendant Providian National Bank**
William H. Morrow
Lightfoot, Franklin & White
The Clark Building
400 North 20th Street
Birmingham, AL 35203

**Attorneys for Defendant Prudential Bank and Trust Company**
Scott A. Fink
Gibson, Dunn & Crutcher, L.L.P.
One Montgomery Street
Telesis Tower
San Francisco, CA 94104-4504

**Attorneys for Defendant Citibank (South Dakota), N.A.**
Frank Massengale, Esq.
Locke, Liddell & Sapp
601 Poydras Street, Ste. 2400
New Orleans, LA 70130

**Attorneys for Defendant First USA Bank, N.A.**
Michael L. Edwards
Balch & Bingham L.L.P.
P.O. Box 306
Birmingham, AL 35201

**Attorneys for Defendant First Citizens Bank**
Gene W. Lafitte
Liskow & Lewis, A Professional Law Corporation
One Shell Square, 50th Floor
New Orleans, LA 70139

**Attorneys for Defendants Associates National Bank; Associates First Capital Corporation; Capital One Bank; Fidelity Federal Bank; First Union National Bank; First USA Bank, N.A.; Heritage Bank of Commerce; MBNA America Bank, N.A.; Pentagon Federal Credit Union; Providian National Bank; Prudential Bank & Trust Co.; Wachovia Bank, N.A.; Wachovia Bank Card Services**
R. Patrick Vance
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, LA 70170

## II.    Motions to Dismiss

The parties in two "test" cases-- one from MDL-1321 and one from MDL-1322- will file, respond and reply to motions pursuant to Rules 12 and 19 with respect to the federal law claims. Plaintiffs shall select the two "test" cases from both actions currently pending and those tag-along actions yet to be transferred.  All motions in all other cases that are or become part of these multidistrict litigations are deferred until after the court has ruled on the motions described above in the two "test" cases.  Defendants' Rules 12 and 19 motions are due **July 1, 2000**.  Plaintiffs' responses to defendants' motions are due **August 1, 2000,** and defendants' reply briefs are due **August 31, 2000.**   Upon completion of the briefing, the court shall hear oral argument on the motions on September 13, 2000 at 9:30 a.m.  Hearing on the motions shall be followed immediately by a status conference attended by plaintiffs' Lead Counsel and defendants' Liason Counsel.  Except with regard to the "test" motion procedure described above, no response to any complaint in any case that is or becomes part of these multidistrict litigations shall be required until further order of the court.

## III.    Discovery

A.    **Initial Disclosures**:  Pursuant to this court's March 31, 2000 order (declaring that "the local rules of Civil Procedure for the Eastern District of Louisiana shall govern all further

proceedings." Practice and Procedure Order, March 31, 2000 ¶ VI, at 5) and Local Rule

26.3(E)(A), the parties are not obligated to provide initial disclosures, subject to future changes

in the Federal or Local Rules of Civil Procedure.

**B.    Discovery Schedule:** At the conference, the court entertained a discussion about the

defendants' and plaintiffs' proposed case management orders. Counsel indicated to the court that

the primary area of disagreement is the defendants' request that discovery be stayed pending

decisions on the sample 12(b)(6) motions. Counsel for plaintiffs argued that plaintiffs need to

take certain Rule 30(b)(6) depositions in order to survive the motions to dismiss.

Specifically, plaintiffs want to engage in discovery to uncover facts about the exact nature

of the defendants' relationship with the internet gambling casinos ("when did they become

involved, how did they become involved? What controls do they have over it? What controls

have they exercised over it? What the contractual rights do they have with respect to these

companies?" Status Conference Transcript, p. 29, ll. 17-21. In seeking that discovery, the

plaintiffs hope to establish that the defendants were associated with or employed by an illegal

gambling enterprise under RICO. 18 U.S.C. § 1962.

Plaintiffs referred at oral argument to a document ("the document") which supposedly

details "Visa's clear knowledge of what they are doing and a desire to profit from it and setting

up rules for how this is going to operate." Status Conference Transcript, p. 35, l. 24 - p. 36, l. 1.

In taking 30(b)(6) depositions, the plaintiffs anticipate uncovering additional facts to support the

defendants' direction of the criminal enterprise.

Upon examination of complaints in certain representative cases, the court finds that the

plaintiffs have alleged that defendants participated in the management of the enterprise. *See,*

*e.g., Eisele v. Visa*, civil action no. 00-1168, original complaint, ("directing, facilitating, participating in and profiting from flagrant violations of state and federal laws against unlicensed gambling. . . ."). If the sufficiency of these allegations is challenged by defendants as being conclusory and unsupported, plaintiffs may again raise the discovery issue or seek to amend the complaint and attach the document as an exhibit. However, the court finds that, at this juncture, the discovery sought seems superfluous, as the representative complaints examined contain allegations that the defendants played a managerial role in the enterprise. Therefore, discovery shall be stayed pending resolution of the rules 12 and 19 motions in the test cases.

**IV.    Confidentiality Order**

The parties will meet to discuss a confidentiality order, in case discovery does eventually proceed in this matter.

**V.    Class Certification**

Plaintiffs' obligations under Local civil Rule 23.1(B) to move for class certification within 90 days of filing their complaints shall be deferred pending the status conference to be held following argument on the motions under Rules 12 and 19 in the two "test" cases, as described above. Accordingly,

**IT IS ORDERED** that plaintiff's Motion for Relief from Local Rule 23.1(B) is hereby **GRANTED**.

**VI.    Other Motions**

The deadline for bringing any dispositive or non-dispositive motions shall be discussed at the status conference to be held after oral argument on the motions under Rules 12 and 19 in the two "test" cases, as described above.

## VII.    Trial

A potential trial date shall be discussed at the status conference to be held after oral argument on the motions under Rules 12 and 19 in the two "test" cases, as described above.

## VIII.    Next Status Conference

The next status conference shall be held after oral argument on the motions under Rules 12 and 19 in the two "test" cases, as described above.  Absent express order of the court, counsel for all defendants need not appear at each conference in these multidistrict litigation.

## IX.    Later Filed Cases

When a case is hereafter filed in, removed to, or transferred to this court and coordinated or consolidated as part of these proceedings, plaintiffs' Lead Counsel shall serve a file-endorsed copy of this Order, and the court's previous orders upon attorneys for each of the parties in that action and file a proof of service with this court.  Unless otherwise ordered, the terms of such orders shall apply automatically to cases later coordinated or consolidates as part of these proceedings.  Objections to the terms of such orders shall promptly be filed within 30 days after service, with a copy served on Lead Counsel for plaintiffs and on defense counsel.