```
           FILED
       U.S. DISTRICT COURT
    EASTERN DISTRICT OF LA

    2003 FEB 27  PM 2: 20

       LORETTA G. WHYTE
            CLERK
```

MINUTE ENTRY
DUVAL, J.
February 26, 2003

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: MASTERCARD INTERNATIONAL, INC.       CIVIL ACTION
INTERNET GAMBLING LITIGATION
                                            NO. 00-MD-1321
                                            00-MD-1322
                                            SECTION "K" (5)

### ORDER OF DISMISSAL

Before this Court is a Motion to Dismiss filed by the Plaintiffs in every action contained within MDL Nos. 1321 and 1322 pursuant to Federal Rule of Civil Procedure 41(a). The Motion seeks to dismiss all of their claims against MasterCard International in each action to which it was a party, and to dismiss all of their claims against Visa International Service Association. (Rec. Doc 52).

In two "test cases" captioned, *Thompson v. MasterCard Int'l Inc., Fleet Bank (Rhode Island) NA and Fleet Credit Card Servs. LP*, and *Bradley v. Visa Int'l Serv. Assn. And Travelers Bank USA Corp.*, this Court dismissed the named plaintiffs' federal Racketeer Influenced and Corrupt Organizations Act ("RICO") claims pursuant to

1

DATE OF ENTRY
FEB 28 2003



Federal Rule Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. *See In re MasterCard Int'l Inc. Internet Gambling Litig.*, 132 F.Supp. 2d 468 (E.D. La. 2001). The Fifth Circuit affirmed this Court's dismissal of the federal RICO claims in these two cases. *See In re MasterCard Int'l Inc. Internet Gambling Litig.*, 313 F.3d 257 (5th Cir. 2002).

Rule 41(a) dismissal is subject to the provisions of Rule 23(e) which provides that "a class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such a manner as the court directs." Fed. R. Civ. P. 23(e). Before approving a voluntary dismissal of an uncertified putative class action, a court should "inquire into the possible prejudice to absent putative class members from (1) any settlement or concession of class interests made by the class representative(s) or counsel in order to further their own interests; (2) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances; and (3) lack of adequate time for class members to file other actions, because of rapidly approaching statute(s) of limitations." *Gassie v. SMH, Ltd. & SMH (U.S.)*, No. Civ. A. 97-1786, 1997 WL 564006, *1 (E.D. La. 9/9/97).

The instant dismissal is not motivated by a settlement or any concession negotiated between the named plaintiffs or the plaintiffs' counsel and MasterCard or Visa, but by the history of the litigation as set forth above. Consequently, a voluntary dismissal of MasterCard and Visa is not subject to the traditional risks that courts consider when granting an order of dismissal. For instance, because there is no settlement, there is no danger that the named representative have colluded. *Gassie,*

2

1997 WL 564006 at *2. The Court is also unaware of any prejudice or loss of benefit that would result from the dismissal of all remaining claims against MasterCard and Visa in these cases.

Therefore, the Court finds that notice to the putative class members in these actions is unnecessary. "Courts and commentators have recognized that the depth of the court's inquiry differs before and after certification, and have suggested that in no precertification dismissal should the court reject the dismissal and require anything more than notice to the class and an opportunity, if requested, to intervene. Further they have recognized that, due to the expense of notice, notice of precertification dismissal may not even be required provided that there is no threat of prejudice, or evidence of collusive agreement." *Id*. Since there is no threat of prejudice to putative class members, notice to them is not required.

**IT IS ORDERED** that the plaintiffs' Motion to Dismiss is **GRANTED.** The Court hereby dismisses all of the claims of all of the plaintiffs in MDL Nos. 1321 and 1322 against MasterCard and Visa. These dismissals of claims shall become effective 30 days from the entry of this order, or on March 26, 2003.

**IT IS FURTHER ORDERED** that no notice of dismissal need be provided to putative class members other than the entry of this Order.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**
