

# UNITED STATES DISTRICT COURT
# DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CIVIL ACTION |
| MDL NO. 1321 | MDL. NO. 1322 |
| MASTERCARD INTERNATIONAL, INC INTERNET GAMBLING LITIGATION | VISA INT'L ASSOCIATION INTERNET GAMBLING LITIGATION |
| JUDGE DUVAL MAG. JUDGE CHASEZ | JUDGE DUVAL MAG. JUDGE CHASEZ |

THIS DOCUMENTS RELATES TO:
THE BELOW CAPTIONED ACTIONS

---

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

DANIEL N. SILVERLIEB, on behalf of all others similarly situated,

CASE NO. 00 CIV 3715 (RCC)

Plaintiffs

v.

MASTERCARD INTERNATIONAL, INC., and PEOPLE'S BANK CORPORATION,

Defendants

---

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

DANIEL N. SILVERLIEB, on behalf of all others similarly situated,

CASE NO. C 00 1773 CAL

Plaintiffs

v.

VISA INTERNATIONAL, INC., and PEOPLE'S BANK CORPORATION

Defendants

{N0982992.1}

**OPPOSITION MEMORANDUM AND SUPPLEMENTAL OBJECTION
OF DEFENDANT PEOPLE'S BANK TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND COMPLAINT**

Defendant People's Bank ("People's") remains a Defendant in two of the remaining consolidated actions for which Plaintiffs have jointly moved to amend their complaints. People's incorporates by reference the Defendants' Consolidated Opposition to Motion to Amend that has been filed on behalf of all remaining bank defendants, and respectfully submits these supplemental arguments that pertain to People's in particular.

**INTRODUCTION**

Whatever might be claimed as justification for assertion of an amended complaint against other defendants, the motion to amend as against People's Bank is so utterly lacking in factual correctness as to merit some special comments. Plaintiffs' proposed amendment first tries to resurrect some colorable federal claim or basis of jurisdiction to keep this action alive.

The two proposed counts for violations of the National Bank Act under 12 U.S.C. §§ 85, 86 and 25(a) fail immediately, because People's is not a national bank. People's is a state bank chartered by the State of Connecticut. The claim asserted for diversity of citizenship is also without merit. In each of the complaints filed, Plaintiff Silverlieb specifically alleges himself to be a resident of the same state, Connecticut, in which People's is incorporated and maintains its principal place of business. Likewise, Plaintiffs obviously fail to allege an amount in controversy meeting the requirements of 28 U.S.C. § 1332.

Plaintiffs' proposed count for a truth-in-lending violation is immediately defective, not only for the reasons set forth in the consolidated brief, but because Plaintiff Silverlieb's transactions were never disclosed to People's as relating to internet gambling. In each of the transactions described in the two Silverlieb complaints, the specific transactions were encoded with the appropriate code for "internet services" not

{N0982992.1}2

gambling.[1] Not only did Plaintiff Silverlieb always know the true nature of the transactions in which he was engaging, but that true nature was disguised to People's by the manner in which the transactions were described to People's.

Plaintiffs' proposed counts for injunctive relief and declaratory judgment also cannot be asserted in good faith. Mr. Silverlieb's accounts at People's were voluntarily paid off by the Plaintiff shortly after the initial suits were filed. Mr. Silverlieb does not owe any money to People's, such that he can assert a claim, either for injunctive relief or declaratory judgment. Mr. Silverlieb has no standing to assert a case or controversy on behalf of anyone, because as far as he is concerned, there is no case or controversy for the court to hear.[2] Finally, as has been disclosed to Plaintiffs' counsel, during 2002 People's voluntarily ceased any approval of credit card charges for internet gambling.

I. **THE PROPOSED AMENDMENT COMPLAINT WOULD BE FUTILE AS TO PEOPLE'S BANK.**

The first two counts of Plaintiffs' proposed first amendment to complaint assert claims for violations of the National Bank Act. Count One asserts violations of 12 U.S.C §§ 85 and 86, which control the rates of interest a national bank may charge. Count Two asserts a claim for violation of 12 U.S.C. § 25a, which prohibits certain activities, *inter alia*, dealing in lottery tickets or bets, by national banks. The fundamental problem with each of these counts is that People's is not a national bank. People's, as specifically alleged in each of the two complaints filed by Silverlieb "is incorporated in Connecticut" (Complaints, ¶ 7). As shown by Exhibit B, the affidavit of Faisal Ali, People's is a state chartered bank, formed and organized under the laws of the State of Connecticut. It is not a national bank. It is well settled that the prohibitions of the

---

[1] This information was furnished to Plaintiffs' counsel several months ago, who were warned that any attempt to amend in light of this would be considered frivolous and in bad faith. See Exhibit A attached hereto.

[2] This fact was also brought to the attention of Plaintiffs' counsel several months ago. Whatever might be the possible justification for asserting these claims against other Defendant banks (and People's does not suggest there is any), such is immediately frivolous as to People's. See Exhibit A.

National Bank Act are applicable only to national banks. <u>Criswell v. Production Credit Association</u>, 660 F.Supp. 14, 16 (S.D. Ohio 1985).

The Third Count of the proposed amended complaint would assert a violation of 15 U.S.C. § 1637(b) on the basis that, under Plaintiffs' contorted reading of Regulation Z, People's, which had no information about which internet casino Plaintiff might chose to gamble with his "e-chips," was under an obligation to disclose information it did not have to the Plaintiff, who knew exactly where, when and how he chose to gamble with the credits in question. Plaintiffs' legal theory defies not only this Court's and the Fifth Circuit Court of Appeal's decisions but any meaningful understanding of fundamental legal principles.

It should also be noted that this new legal theory is inconsistent with the existing allegations of the complaints already before the court. Those allegations have not been withdrawn and serve as the basis on which any new legal theory must be based. To the extent the existing complaints allege the credit charge in question was paid to the casino (MasterCard Complaint at ¶ 22; Visa Complaint at ¶ 23), the new legal theory is fundamentally inconsistent with the existing factual allegations and cannot withstand a motion to dismiss.

The remaining counts of the proposed first amendment to complaint would assert claims for declaratory judgment and injunctive relief. It should first be noted in this regard that Plaintiff Silverlieb has no standing to assert such claims. Mr. Silverlieb does not owe anything to People's, and People's is not attempting to collect anything from Mr. Silverlieb. His account has no balance due and was closed. (<u>See</u> Affidavit of Faisal Ali, ¶ 4.) Mr. Silverlieb chose to pay off his account even after he commenced this action. Whatever might have been a dispute between Mr. Silverlieb and People's at one time, no dispute currently exists and has not for sometime. Mr. Silverlieb has no standing or basis to assert a claim in this regard. There is no case or controversy that

exists and absent a case or controversy, there is no basis on which he can assert, or this court should entertain, counts seeking injunctive or declaratory relief.

It should also be noted that any attempt by Mr. Silverlieb to assert such a claim on behalf of others is inherently defective. This is true whenever, prior to certification of a class, the interest of the purported representative has disappeared. <u>Lusardi v. Xerox Corp.</u>, 975 F.2d 964, 974 (3rd Cir. 1992).

Finally, as shown by the Affidavit of Faisal Ali, ¶¶ 5,6, there is no longer any case or controversy not only for Mr. Silverlieb but with regard to others. During 2002, People's ceased approving any transactions that were submitted coded in a manner that permitted the bank to discern that there were for internet gambling.

In short, Mr. Silverlieb has no claim under the Federal statutes in question. He has no standing to assert a controversy with regard to the debts that he does not owe and which are of mere academic interest to him.

## II.     **THERE IS NO DIVERSITY OF CITIZENSHIP JURISDICTION IN THIS CASE.**

In Paragraph 3 of their motion for leave to amend complaint, Plaintiffs claim: "In each case which comprises this MDL, the plaintiff and the defendant reside in different states." One need look no further than the allegations of the complaint that have been filed almost three years in the cases involving People's to show that this representation to the court was rashly made. In the MasterCard Complaint, Plaintiff alleges "plaintiff Daniel N. Silverlieb is a resident of Connecticut." In Paragraph 7 of that same complaint, Plaintiff alleges "defendant People's Bank is incorporated in Connecticut with its principle place of business located in Bridgeport, Connecticut." In the Visa Complaint, the exact same allegations are made in the exact same locations. This information is also substantiated by the billing statements for the account in question, which confirm the obvious – People's is a Connecticut bank located in Bridgeport, Connecticut. Plaintiff Silverlieb is a resident, and presumably a citizen, of the State of

Connecticut. There is no diversity, and there is absolutely no factual basis on which such can be alleged or represented to this court.

Additionally, there is no amount in controversy with Plaintiff Silverlieb. The complaints in question allege total wagers of approximately $7,500.00 in the MasterCard complaint (¶¶ 23 and 27) and $5,300.00 in the Visa Complaint. (See Complaint ¶ 24.) Clearly, the amount in controversy here is woefully short of $75,000.00, the threshold required under 28 U.S.C. § 1332. The reference to Plaintiffs' effort, albeit doomed to failure in the absence of any representative claim, to represent other class members does not change the amount in controversy. Case law recognizes the amount in controversy cannot be aggregated to meet the jurisdictional requirement.

In short, there is no basis on which this court can entertain diversity of citizenship jurisdiction.

## CONCLUSION

For all the arguments and authorities submitted in the consolidated memorandum of all Defendants and herein, Defendant People's prays this Court deny Plaintiffs' Motion for Leave to Amend.

Respectfully submitted,

By: _____
R. Patrick Vance (LA Bar No. 13008)
Jones, Walker, Waechter, Poitevent,
   Carrere & Denegre, L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
Telephone 504.582.8195
Telefax 504.589.8195

William J. Wenzel (ct 06056)
Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT 06601-7006
Juris #47892 (203) 330-2000

## CERTIFICATION

This is to certify that a copy hereof was mailed, postage prepaid, to each attorney of record and to all pro se parties of record on May 27, 2003, as follows:

Stephen B. Murray, Esquire
The Murray Firm
909 Poydras Street, Suite 2550
New Orleans, Louisiana 70130

Barry G. Reed, Esquire
Zimmerman Reed L.L.P.
651 Nicollet Mall, Suite 501
Minneapolis, Minnesota 55402

W. Lewis Garrison, Jr., Esquire
Garrison, Scott, Gamble & Rosenthal, P.C.
Post Office Box 11310
Birmingham, Alabama 35202

James F. McCabe, Esquire
Morrison & Foerster, L.L.P.
425 Market Street
San Francisco, California 94105-2482

Joe B. Norman, Esquire
Liskow & Lewis
701 Poydras Street, 50th Floor
New Orleans, Louisiana 70130

Christopher Lipsett, Esquire
Wilmer, Cutler & Pickering
2445 M Street, N.W.
Washington, D.C. 20037

Lawrence E. Miller, Esquire
Kevin Schroth, Esquire
LeBoeuf, Lamb, Greene & MacRae, L.L.P.
One Riverfront Plaza
Newark, New Jersey 07102-5490

Thomas J. Kavaler, Esquire
Cahill, Gordon & Reindel
80 Pine Street
New York, New York 10005-1702

William H. Morrow, Esquire
Lightfoot, Franklin & White
400 20th Street North
Birmingham, Alabama 35203

Alan S. Kaplinsky, Esquire
Martin C. Brice, Jr., Esquire
Ballard Spahr Andrews & Ingersoll L.L.P.
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103-7599

Roger L. Bates, Esquire
Hand Arendall, L.L.C.
2001 Park Place North, Suite 900
Birmingham, Alabama 35203

T. R. Scarborough, Esquire
Sidley Austin Brown & Wood
Bank One Plaza
Chicago, Illinois 60603

John Van de Weert, Esquire
Sidley Austin Brown & Wood
555 West Fifth Street
Los Angeles, California 90013

John Fahnestock, Esquire
M&T Bank Corp.
One M&T Plaza, 12th Floor
Buffalo, New York 14203-2399

_____
R. Patrick Vance

{N0982992.1}

Reply to:    Bridgeport
Telephone:  (203) 330-2207
E-Mail:     WJW@pullcom.com

## SETTLEMENT DISCUSSIONS

January 28, 2003

***VIA FACSIMILE***

W. Lewis Garrison, Jr., Esq.
Garrison, Scott, Gamble & Rosenthal, P.C.
2224 1st Avenue North
Birmingham, AL 35203

      Re:   **Internet Gambling MDL Nos. 1321 and 1322**

Dear Mr. Garrison:

      Thank you for your correspondence of December 30, 2002, and the settlement offer contained therein. Now that you have dismissed MasterCard and Visa from the two actions commenced by Mr. Silverlieb against People's Bank, I have been authorized to respond on behalf of People's Bank.

      I am sure you already appreciate the daunting task that awaits the many plaintiffs in trying to proceed given the emphatic rejection of the federal claims by Judge Duval and the Fifth Circuit. People's Bank is prepared to seek dismissal of all federal claims on the basis of the rulings in the test cases and dismissal of the state law claims in the absence of any federal subject matter jurisdiction. We believe there is little chance Judge Duval would retain jurisdiction over any state law claims once the various actions, including those pending against People's Bank, are reopened.

      Of course, it is possible Judge Duval might wish to retain jurisdiction over the many different state law claims, notwithstanding the absence of any federal issues. For that reason, we also anticipate seeking dismissal on the basis of mootness and failure to state a claim for relief, as well.

EXHIBIT A

Page 2

  Mr. Silverlieb no longer has an account at People's Bank. Not only was his account closed several years ago, it was voluntarily and fully paid off. We do not believe he has any interest that would present a case or controversy, much less ever make him an acceptable class representative. Even if Mr. Silverlieb had some legally assertable claim, last year, People's Bank changed its policy, as have most financial institutions, and now blocks all transactions where the authorization code indicates internet gambling. Mr. Silverlieb has no economic interest at stake and any declaratory action is now moot.

  You have suggested an intent to amend the various federal claims asserted against People's Bank on theories not yet disclosed. Perhaps these are theories we have not yet encountered. We are not aware of any that would survive the law of this case.

  Before seeking such an amendment, we would like to make sure you fully appreciate the facts that underlie the claims you are now asserting.

  Each of the complaints specifically and repeatedly alleges that People's Bank willfully and knowingly attempted to collect illegal internet gambling debts from Mr. Silverlieb. The complaints specifically allege that People's Bank had knowledge that the debts or debts were incurred through illegal internet gambling transactions. Our investigation to date fails to reveal any shred of evidence that can support that allegation.

  In fact, and as your prefiling investigation should have disclosed, none of the transactions identified in the complaints were ascertainable as illegal gambling transactions. We have reviewed the authorization codes associated for each of the dates identified in the two complaints by Mr. Silverlieb as involving illegal online gambling. The merchant code associated with each of the transactions in question identifies the transaction as a computer network/information service and not as a gambling transaction. This information that should have been uncovered in your prefiling investigation under Rule 11 and clearly shows that even before the legal theories were rejected by the courts, the allegations asserted against People's Bank were baseless and without any merit.

  As I am sure you appreciate, People's Bank has already incurred tens of thousands of dollars in legal fees as a result of its participation in the Multidistrict Litigation. Under Connecticut law, Mr. Silverlieb, and in appropriate cases, his counsel, can be held responsible for the damages incurred by People's Bank as a result of the assertion of frivolous, unfounded or vexatious claims. We want to make sure that before seeking an amendment, you were fully apprised of these facts.

  Given the absence of any factual basis to contend that People's Bank had knowledge of illegal gambling transactions by Mr. Silverlieb, we believe any further assertion of this action cannot be characterized as in good faith.

Page 3

      For all of the above reasons, it is People's Bank's belief that these claims should be resolved by an exchange of mutual releases. Notwithstanding that expression of principle, I realistically expect this matter could be resolved for some nominal sum, if it is resolved expeditiously.

                                        Very truly yours,

                                        William J. Wenzel

WJW:mrd

cc:    John Wallace, Esq.
         Robert Milhalcik

BPRT/610.02/WJW/463108v1

# UNITED STATES DISTRICT COURT
# DISTRICT OF LOUISIANA

| IN RE: | CIVIL ACTION |
|---|---|
| MDL NO. 1321<br>MASTERCARD<br>INTERNATIONAL, INC<br>INTERNET GAMBLING<br>LITIGATION | MDL. NO. 1322<br>VISA INT'L<br>ASSOCIATION<br>INTERNET GAMBLING<br>LITIGATION |
| JUDGE DUVAL<br>MAG. JUDGE CHASEZ | JUDGE DUVAL<br>MAG. JUDGE CHASEZ |

THIS DOCUMENTS RELATES TO:
THE BELOW CAPTIONED ACTIONS

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| DANIEL N. SILVERLIEB, on behalf of all others similarly situated, | CASE NO. 00 CIV 3715 (RCC) |
|---|---|

Plaintiffs

v.

MASTERCARD INTERNATIONAL, INC.,
and PEOPLE'S BANK CORPORATION,

Defendants

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| DANIEL N. SILVERLIEB, on behalf of all others similarly situated, | CASE NO. C 00 1773 CAL |
|---|---|

Plaintiffs

v.

VISA INTERNATIONAL, INC.,
and PEOPLE'S BANK CORPORATION,

Defendants



EXHIBIT B

## AFFIDAVIT OF FAISAL ALI

I, Faisal Ali, of lawful age, being first duly sworn and believing in the solemnity of an oath, do hereby state and show to the Court as follows:

1. I am Director of Credit Card Operations at the Credit Card Division of People's Bank.

2. I have been asked to prepare this affidavit concerning the account of Daniel Silverlieb, pertaining to the allegations I understand have been made against the bank in this case.

3. People's Bank is a bank chartered under the laws of the State of Connecticut. Its principal place of business is located in Bridgeport, Connecticut.

4. The records of People's Bank, pertaining to the account in question, show that Mr. Silverlieb's accounts reached a zero balance on February 12, 2002, by virtue of a payment made by Mr. Silverlieb in the amount of $740.00. Since that date, there has been no amount due from Mr. Silverlieb to People's Bank with regard to any account that is the subject of either of the pending actions that he brought against People's Bank.

5. During the calendar year 2002, People's Bank made the decision to stop authorizing or approving any credit card transaction involving a charge for internet gambling; gave notice of this proposed change in policy to cardholders; and adopted and implemented the change in policy.

6. Any credit card transaction submitted showing the appropriate merchant code and transaction code that indicated internet gambling stopped being approved during calendar year 2002. This policy remains in effect through the date of this affidavit, and, to the best of my knowledge, is intended to remain in force.

I have reviewed the transactions identified in the complaints filed by Mr. Silverlieb. The merchant codes submitted at the time People's Bank approved those transactions are not the merchant code that would indicate internet gambling. Rather than showing gambling, the merchant codes show another area of merchant business; namely, internet services. This information would not permit People's Bank, at the time the specific transactions were approved, to determine that these were indeed internet gambling transactions.

_____
Faisal Ali

Subscribed and sworn to
before me this 27 day of
May 2003.

_____
Notary Public
My Commission Expires:
My Commission E...

BPRT/610.02/WJW/479392v1

3

TOTAL P.03