

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF L..

2003 SEP 29  P 4: 48

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

-----------------------------------------------------------x
                                    :    Civil Action
                                    :    MDL Nos. 1321 and 1322

IN RE: MASTERCARD INTERNATIONAL,     :
INC. INTERNET GAMBLING LITIGATION,  :    Section "K" (5)
                                    :
                                    :    Judge Duval
                                    :    Mag. Judge Chasez
-----------------------------------------------------------x

This document relates to:

No. C 99 5067 (SBA) (N.D.C.A.)
No. 99 Civ. 8785 (HB) (S.D.N.Y.)

## MOTION OF PENTAGON FEDERAL CREDIT UNION TO
## DISMISS PLAINTIFF'S COMPLAINTS PURSUANT TO
## FEDERAL RULES OF
## CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)

       Pentagon Federal Credit Union moves this Court for an Order dismissing Plaintiff's Complaints in the two above-referenced matters in their entirety, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for the reasons more fully set out in the attached Memorandum of Law and exhibits.

Fee_____
Process_____
X Dktd_____
___ CtRmDep____
___ Doc. No. 107

Respectfully submitted,

JONES, WALKER, WAECHTER, POITEVENT,
CARRERE & DENEGRE, L.L.P.

By: _____

R. Patrick Vance (La. Bar No. 13008)
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
Telephone (504) 582-8194
Telefax (504) 589-8194

CAHILL GORDON & REINDEL LLP
Thomas J. Kavaler
David Montone
80 Pine Street
New York, New York 10005
(212) 701-3000

*Attorneys for Defendant*
*Pentagon Federal Credit Union*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Notice of Hearing on Pentagon Federal Credit Union's Motion to Dismiss Plaintiffs' Complaints Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) has been served on the below-named parties by placing a copy of same in the U. S. Mail, postage prepaid and properly addressed, this 29th day of September, 2003.

W. Lewis Garrison, Jr.
Garrison, Scott, Gamble & Rosenthal, P.C.
2224 1st Avenue North
Post Office Box 11310
Birmingham, Alabama 35202

Barry G. Reed
Zimmerman Reed L.L.P.
651 Nicollet Mall, Suite 501
Minneapolis, Minnesota 55402

{N1041861 1}                                    -2-

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

```
-----------------------------------------------------------x
                                                 :
                                                 :   Civil Action
                                                 :   MDL Nos. 1321 and 1322
IN RE: MASTERCARD INTERNATIONAL,                 :
INC. INTERNET GAMBLING LITIGATION,               :   Section "K" (5)
                                                 :
                                                 :   Judge Duval
                                                 :   Mag. Judge Chasez
                                                 :
                                                 :
                                                 :
-----------------------------------------------------------x
```

This document relates to:

No. C 99 5067 (SBA) (N.D.C.A.)
No. 99 Civ. 8785 (HB) (S.D.N.Y.)

## NOTICE OF HEARING

PLEASE TAKE NOTICE that defendant, Pentagon Federal Credit Union, will

bring on for hearing the attached Motion To Dismiss Plaintiff's Complaints Pursuant to FRCP

12(b)(1) and 12(b)(6) before this Court at the United States District Court, 500 Camp Street,

Room C352, New Orleans, Louisiana, on the 3rd day of December, 2003, at 10:00 a.m., or as

soon thereafter as can be heard.

R. Patrick Vance (La. Bar No. 13008)
JONES, WALKER, WAECHTER, POITEVENT,
   CARRERE & DENEGRE, L.L.P.

201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
(504) 582-8195
(504) 589-8195 (fax)

CAHILL GORDON & REINDEL LLP
Thomas J. Kavaler
David Montone
80 Pine Street
New York, New York  10005
(212) 701-3000

*Attorneys for Defendant*
*Pentagon Federal Credit Union*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Notice of Hearing has been served on the below-named parties by placing a copy of same in the U. S. Mail, postage prepaid and properly addressed, this 29th day of September, 2003.

W. Lewis Garrison, Jr.
Garrison, Scott, Gamble & Rosenthal, P.C.
2224 1st Avenue North
Post Office Box 11310
Birmingham, Alabama 35202

Barry G. Reed
Zimmerman Reed L.L.P.
651 Nicollet Mall, Suite 501
Minneapolis, Minnesota 55402

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ------------------------------------------------------------ : | Civil Action |
| - : | MDL Nos. 00MD-1321 & 001322 |
| : | |
| IN RE: MASTERCARD INTERNATIONAL, : | Section "K" (5) |
| INC. INTERNET GAMBLING LITIGATION, : | |
| : | Judge Duval |
| : | Mag. Judge Chasez |
| : | |
| ------------------------------------------------------------ X | |
| - | |

This document relates to:

No. C 99 5067 (SBA) (N.D.C.A.)
No. 99 Civ. 8785 (HB) (S.D.N.Y.)

## DEFENDANT PENTAGON FEDERAL
## CREDIT UNION'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO DISMISS

R. PATRICK VANCE
JONES, WALKER, WAECHTER,
POITEVENT, CARRERE & DENEGRE
LLP
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100

CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, New York 10005
(212) 701-3000

*Attorneys for Defendant*
*Pentagon Federal Credit Union*

Of Counsel:

Thomas J. Kavaler
David Montone

{N1041873 1}

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................................3

I.   THERE IS NO JURISDICTION OVER PLAINTIFF'S REMAINING CLAIMS.................4

   A.   There Is No Federal Question Jurisdiction Over Plaintiff's Remaining Claims ................4

   B.   There Is No Supplemental Jurisdiction Over Plaintiff's Remaining Claims......................6

   C.   There Is No Diversity Jurisdiction Over Plaintiff's Remaining Claims.............................6

II.  EVEN IF THIS COURT WERE TO EXERCISE JURISDICTION, COUNTS I
    AND II FAIL TO STATE A CLAIM AS A MATTER OF LAW ..........................................7

   A.   Plaintiff Lacks Standing To Seek A Declaratory Judgment Pursuant to Counts I
      and II.................................................................................................................................8

   B.   The Contract at Issue Is Not a Gaming or Gambling Contract Under Virginia or
      North Carolina Law .......................................................................................................10

   C.   Even Assuming That Plaintiff's Debt Were A Gambling Debt, Plaintiff Is Not
      Entitled to Rescission or Restitution, As All Obligations Have Been Fully
      Performed.......................................................................................................................13

CONCLUSION..................................................................................................................15

*TABLE OF AUTHORITIES*

**Page**

Cases

Aetna Life Insurance Co. v. Haworth, 300 U.S. 227 (1937) ................................. 8

Allstate Insurance Co. v. Stolarz, 613 N.E.2d 936, 937 (N.Y. 1993).................... 10

Ballard v. Green, 24 S.E. 777, 777 (N.C. 1896)...................................................... 12

Britamco Underweriters, Inc. v. C.J.H., Inc., 845 F. Supp. 1090
(E.D. Pa. 1994)........................................................................................................ 14

C&H Nationwide, Inc. v. Norwest Bank Texas NA, 208 F.3d 490
(5th Cir. 2000)......................................................................................................... 8

Citizens' National Bank v. McDannald, 83 S.E. 389 (Va. 1914) .......................... 11-12

Cohen v. Loeb Partners Corp., No. 90 Civ. 5175, 1992 WL 84535
(S.D.N.Y. Apr. 13, 1992)........................................................................................ 8-9

Grant v. Chevron Philips Chemical Co., 309 F.3d 864
(5th Cir. 2002)......................................................................................................... 6-7

Gray v. Doty, No. CA397-CV-1154-BC, 1998 WL 417773
(N.D. Tex. July 17, 1998) ...................................................................................... 6

Hart v. Bayer Corp., 199 F.3d 239 (5th Cir. 2000)................................................. 5

Isuzu Motors Ltd. v. Consumers Union of United States, Inc., 12 F.Supp. 2d
1035 (C.D. Cal. 1998)............................................................................................. 10

Joiner v. Diamond M Drilling Co., 677 F.2d 1035 (5th Cir. 1982)...................... 6

Jubelirer v. MasterCard & MBNA America Bank, N.A.,
68 F.Supp.2d 1049 (W.D. Wis. 1999) .................................................................... 5

Karaha Bodas Co. v. Pertamina, 313 F.3d 70 (2d Cir. 2002) ............................... 10

Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487........................ 10

In re Mastercard International Inc., Nos. Civ.A.00MD-1321, 00-1322,
2003 WL 21783301 (E.D. La. Jul. 30, 2003) ........................................................ 10n, 14

In re MasterCard International Inc. Internet Gambling Litigation, 132
F.Supp.2d 468 (E.D. La. 2001), aff'd 313 F.3d 257 (5th Cir. 2002) ................... 2

North Carolina v. Hair, 442 S.E.2d 163 (N.C. Ct. App. 1994).............................. 14

Orix Credit Alliance, Inc. v. Wolfe, 212 F.3d 891 (5th Cir. 2000) ...................... 8

Park Place Entertainment v. Simmons, No. Civ.A.99-595,
1999 WL 1049828, (E.D. La. Nov. 18, 1999) ........................................................ 8

Parker & Parsley Petroleum Co. v. Dresser Industries, 972 F.2d 580
(5th Cir. 1992)......................................................................................................... 6

People v. McLaughlin, 606 N.E.2d 1357 (N.Y. 1992) ........................................... 10n

Phillip Levy & Co. v. Davis, 80 S.E. 791 (Va. 1914)............................................. 14

Phoenix Home Life Mutual Insurance Co. v. Brown, No 93-CV-0990E, 1997
WL 627637 (W.D.N.Y. Oct. 7, 1997) ..................................................................... 9n

**Page**

In re Propulsid Products Liability Litigation, 208 F.R.D. 133
(E.D. La. 2002) ....................................................................................    10

Rahmani v. Resorts International Hotel, Inc., 20 F. Supp. 2d 932
(E.D. Va. 1998)....................................................................................    13-14

TTEA v. Ysleta Del Sur Pueblo, 181 F.3d 676 (5th Cir. 1999).............    4

United Mine Workers v. Gibbs, 383 U.S. 715 (1966) ..........................    6


Rules

Fed. R. Civ. P.

    12....................................................................................................    2
    12(b)(6) ..........................................................................................    2
    19....................................................................................................    2


Statutes

Declaratory Judgment Act

    28 U.S.C. § 2201 (2000) ...............................................................    3-4, 8, 9n
    3211(a)(1) (McKinney 2003)..........................................................    1, 3n
                                                         1

Judicial Code

    28 U.S.C. § 1331 (2000) ...............................................................    3-4
    28 U.S.C. § 1332 (2000) ...............................................................    6
    28 U.S.C. § 1367 (2000) ...............................................................    3
    28 U.S.C. § 1367(c) (2000)............................................................    6

N.C. Gen Stat. § 16-1 (1999) ...............................................................    12

Racketeer Influenced and Corrupt Organization Act

    18 U.S.C. § 1961, et seq. (2000), as amended ...............................    2
    18 U.S.C. § 1964.............................................................................    4

Va. Code Ann. § 11-14 (Michie 1999) ..................................................    11

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

```
-----------------------------------------------------------x
                                                           :
                                                           :   Civil Action
                                                           :   MDL Nos. 1321 and 1322
IN RE: MASTERCARD INTERNATIONAL,                           :
INC. INTERNET GAMBLING LITIGATION,                         :   Section "K" (5)
                                                           :
                                                           :   Judge Duval
                                                           :   Mag. Judge Chasez
                                                           :
                                                           :
                                                           :
                                                           :
-----------------------------------------------------------x
```

This document relates to:

No. C 99 5067 (SBA) (N.D.C.A.)
No. 99 Civ. 8785 (HB) (S.D.N.Y.)

# DEFENDANT PENTAGON FEDERAL
# CREDIT UNION'S MEMORANDUM OF LAW
# IN SUPPORT OF ITS MOTION TO DISMISS

Before this Court is a multidistrict litigation ("MDL") involving a number of complaints brought by, *inter alia*, Plaintiff Mark Eisele against MasterCard International, Inc. ("MasterCard"), Visa International Service Association ("Visa") and certain banks and other financial institutions that issue MasterCard and Visa brand credit cards, including Pentagon Federal Credit Union, a federal credit union and not a bank ("Pentagon Federal"; collectively, the "Issuing Banks"). This motion is directed at (i) Plaintiff's Second Amended complaint in the matter captioned Eisele v. Mastercard International Inc. and Pentagon Federal Credit Union, No.

{N1041873.1}                                    1

99 Civ. 8785 (HB) (originally brought in the Southern District of New York) ("MC Cplt."); and (ii) Plaintiff's complaint in the matter captioned Eisele v. Visa International Service Ass'n and Pentagon Federal Credit Union, No. C 99-5067 (SBA) (originally brought in the Northern District of California) (the "Visa Cplt."; together, the "Complaints").[1] The Complaints are virtually identical in substance and both name Pentagon Federal (a federal credit union, not a bank) as the sole Issuing Bank defendant.[2] These two cases were transferred to this Court, along with a number of other virtually identical complaints, by order of the Judicial Panel on Multidistrict Litigation on March 1, 2000.[3]

Initially, Plaintiff's Complaints asserted violations of the Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO").  On June 13, 2000, this Court ordered that two "test" cases move forward and that the parties therein brief motions pursuant to Federal Rules of Civil Procedure ("FRCP") 12 and 19 with respect to Plaintiff's federal claims only.  The remainder of the proceedings in the MDL were stayed, including the two Complaints addressed by this motion.  This Court granted defendants' 12(b)(6) motion on February 23, 2001, In re MasterCard International Inc. Internet Gambling Litigation, 132 F.Supp.2d 468 (E.D. La. 2001), and the Fifth Circuit affirmed.  In re Mastercard International Inc. Internet Gambling Litigation, 313 F.3d 257 (5th Cir. 2002).

---

[1]    The MC Cplt. is attached hereto as Exhibit A.  The Visa Cplt. is attached hereto as Exhibit B.

[2]    MasterCard and Visa are no longer defendants in these cases.

[3]    To avoid unnecessary duplication, Pentagon Federal hereby adopts *pro tanto* so much of any argument made by any other Issuing Bank as may be relevant this motion.

On May 27, 2003, Plaintiff filed a motion seeking to amend his complaints to assert additional federal claims. On July 30, 2003, this Court denied that motion, leaving Plaintiff without a federal claim. After a status conference on August 4, 2003, this Court determined on September 5, 2003 that the RICO claims in all pending cases in the MDL would also be dismissed (including those in the Complaints addressed by this motion), and that the RICO issue had been fully adjudicated. Accordingly, because all that remains are state law-based claims, this Court no longer has jurisdiction over these Complaints and should dismiss them. Alternatively, even if this court were to elect to retain jurisdiction over these state law claims, they fail to state a claim upon which relief can be granted and thus should be dismissed on that ground as well. See Point II, infra

## PRELIMINARY STATEMENT

Plaintiff's Visa Cplt. asserted four Counts, the latter two of which, related to his RICO claims, have been dismissed. Plaintiff's MC Cplt. asserted three Counts, the last of which, related to his RICO claim, has been dismissed. Counts I and II, which are all that remain of each Complaint, purport to seek declaratory judgment pursuant to federal (Count I) and state (Count II) law. More specifically, Count I seeks a judgment "declaring said contracts to be void and/or voidable, [unenforceable], and . . . their outright cancellation, and . . . reimbursement of all payments made upon such debts." MC Cplt. ¶ 65; Visa Cplt. ¶ 63. Count II, similarly, seeks a judgment "declaring said contracts to be illegal and unenforceable and preventing [defendants] from doing business with Internet Casinos." MC Cplt. ¶ 70; Visa Cplt. ¶ 68.

## I.     THERE IS NO JURISDICTION OVER PLAINTIFF'S REMAINING CLAIMS

Plaintiff alleges jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1367 (supplemental jurisdiction), 18 U.S.C. § 1964 (RICO) and 28 U.S.C. § 2201 (declaratory judgment). Complaints ¶ 9. Plaintiff's Visa Cplt. also alleges diversity jurisdiction. Visa Cplt. ¶ 9. None of these statutes supports jurisdiction over the remaining counts of Plaintiff's Complaints. As a preliminary matter, jurisdiction is unavailable under 18 U.S.C. § 1964, because Plaintiff's RICO counts have been dismissed, and the declaratory judgment statute, 28 U.S.C. § 2201, does not independently confer subject matter jurisdiction. See TTEA v. Ysleta Del Sur Pueblo, 181 F.3d 676, 681 (5th Cir. 1999) ("The declaratory judgment statute offers no independent ground for jurisdiction. Rather, it permits the award of declaratory relief only when other bases for jurisdiction are present."). Nor can Plaintiff demonstrate that federal question, supplemental or diversity jurisdiction exists. We address each in turn.

### A.     There Is No Federal Question Jurisdiction Over Plaintiff's Remaining Claims

Federal question jurisdiction is absent because, after the dismissal of his RICO claim and the denial of his motion seeking to amend to assert different federal claims, Plaintiff does not and cannot assert any claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Count I of Plaintiff's Complaints purports to seek declaratory judgment pursuant to "federal law". However, Plaintiff cites to *no specific federal statutory or*

*common law that renders a gaming contract or gambling debt void and/or unenforceable.* That is because no such federal provision exists. Accordingly, Count I must be dismissed.[4]

Even if the Constitution, a federal law or a treaty did render gambling debts unenforceable, Count I would still run afoul of the "well-pleaded complaint" rule, which requires a complaint invoking federal question jurisdiction to assert the federal question as part of the Plaintiff's *claim*, and precludes invoking federal question jurisdiction merely to anticipate a federal *defense*. See Hart v. Bayer Corp., 199 F.3d 239, 244 (5th Cir. 2000) ("[T]he plaintiff's properly pleaded complaint governs the jurisdictional inquiry. If, on its face, the plaintiff's complaint raises no issue of federal law, federal question jurisdiction is lacking.").

The rule requires a complaint seeking a declaratory judgment to be read, for purposes of the well-pleaded complaint rule, as if the *defendant* in the declaratory judgment action had brought a coercive action against the declaratory judgment *plaintiff* in federal court. See Jubelirer v. MasterCard & MBNA America Bank, N.A., 68 F.Supp.2d 1049 (W.D. Wis. 1999). Accordingly, the Complaints must be viewed as if Pentagon Federal initiated a collection action against Plaintiff.[5] Such a claim would have had to have been brought pursuant to state contract law, of course, with any hypothetical federal statute making gambling debts unenforceable being raised by Plaintiff as a *defense*. Therefore, even assuming that Plaintiff were able to conjure

---

[4] Obviously, there can be no federal question jurisdiction over Count II which is, by its terms, a state law-based claim. MC Cplt. ¶¶ 66-70; Visa Cplt. ¶¶ 64-68.

[5] Of course, no such collection action could be brought, given that Plaintiff admits he does not owe Pentagon Federal any money. Complaints ¶ 28. See Point IIA, infra.

some federal provision in this context, because that provision would be raised only as a *defense*, there is no federal question jurisdiction over Plaintiff's declaratory judgment claim.

**B.    There Is No Supplemental Jurisdiction Over Plaintiff's Remaining Claims**

Although supplemental jurisdiction over Plaintiff's state law-based declaratory judgment claim is, theoretically, available, exercise of such jurisdiction is entirely discretionary. See 28 U.S.C. § 1367(c).  Moreover, "[i]n the Fifth Circuit, the general rule is for courts to *dismiss* state claims when the federal claims they are supplementing are dismissed." Gray v. Doty, No. CA397-CV-1154-BC, 1998 WL 417773, at *1 (N.D. Tex. July 17, 1998) (emphasis added) (citing Parker & Parsley Petroleum Co. v. Dresser Industries, 972 F.2d 580 (5th Cir. 1992)).  The Fifth Circuit has embraced the Supreme Court's admonition that "'[i]f the federal claims are dismissed before trial, the state claims should be dismissed as well.'"  See Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1041 (5th Cir. 1982) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)).  Here, Plaintiff has provided no compelling reason for this Court to deviate from this well-reasoned general rule.  The Court should decline to exercise supplemental jurisdiction.

**C.    There Is No Diversity Jurisdiction Over Plaintiff's Remaining Claims**

The Visa Cplt. also alleges diversity jurisdiction.  Visa Cplt. ¶ 9.  However, diversity jurisdiction is lacking here because the amount in controversy alleged, approximately $7500, falls far below the requisite amount in controversy.  See 28 U.S.C. § 1332 (requiring a minimum amount in controversy of $75,000); Visa Cplt. ¶ 28 (alleging total charges of $7498.04).  Any fatuous argument that Plaintiff's efforts — albeit doomed — to represent other class members

{N1041873 1}                                    6

would help satisfy the amount in controversy would also fail, because it is well-settled that claims of class members cannot be aggregated to meet the jurisdictional requirement. See Grant v. Chevron Philips Chemical Co., 309 F.3d 864, 873 (5th Cir. 2002) ("We also know . . . that we are *not* to aggregate the potential recovery of class members.") (emphasis in original).

## II.    EVEN IF THIS COURT WERE TO EXERCISE JURISDICTION, COUNTS I AND II FAIL TO STATE A CLAIM AS A MATTER OF LAW

In Count I, Plaintiff seeks a judgment under federal law "declaring said contracts to be void and/or voidable, [unenforceable], and to their outright cancellation, and to reimbursement of all payments made upon such debts." MC Cplt. ¶ 65; Visa Cplt. ¶ 63. In Count II, he seeks slightly different relief under state law, and requests "a declaratory judgment declaring said contract to be illegal and unenforceable and preventing [defendants] from doing business with Internet Casinos." MC Cplt. ¶ 70; Visa Cplt. ¶ 68.

These allegations fail as a matter of law. First, Plaintiff has no standing to assert these claims because there is no actual case or controversy between Plaintiff and Pentagon Federal. That is, he is requesting an advisory opinion from this Court about potential future conduct because, as he admits, *Plaintiff does not currently owe Pentagon Federal any money*. Complaints ¶ 28. Second, Plaintiff's debt to Pentagon Federal was not a gambling debt under any federal or applicable state law. Third, Plaintiff has no legal basis to seek either (i) the return of any money from Pentagon Federal; or (ii) a declaration that such debts are unenforceable.

**A.    Plaintiff Lacks Standing To**
**Seek A Declaratory Judgment**
**Pursuant to Counts I and II**

Counts I and II must be dismissed for lack of standing because there is no justici-

able controversy between Plaintiff and Pentagon Federal.  "The 'case or controversy' require-

ment of Article III . . . prohibits federal courts from considering questions 'that cannot affect the

rights of litigants in the case before them.'  Federal courts are not in the business of rendering

advisory opinions.'"  C&H Nationwide, Inc. v. Norwest Bank Texas NA, 208 F.3d 490, 493 (5th

Cir. 2000) (citation omitted).  The same rule applies in the context of a declaratory judgment ac-

tion, which is also ripe for adjudication only where an "actual controversy" exists.  See Orix

Credit Alliance, Inc. v. Wolfe, 212 F.3d 891, 896 (5th Cir. 2000) (citing 28 U.S.C. § 2201).  As

explained by the Supreme Court, "[t]he controversy must be definite and concrete, . . . admitting

of specific relief through a decree of a conclusive character, as distinguished from an opinion

advising what the law would be on a hypothetical state of facts."  Aetna Life Insurance Co. v.

Haworth, 300 U.S. 227, 240-241 (1937).

Thus, a declaratory judgment should not be issued where a plaintiff is in sole con-

trol of the contingencies, that is, the "hypothetical state of facts", that would create an actual con-

troversy.  See, e.g., Park Place Entertainment v. Simmons, No. Civ.A.99-595, 1999 WL

1049828, at *5 (E.D. La. Nov. 18, 1999) ("Because, however, [plaintiffs' potential actions] are

merely conditions precedent to the formation of an actual controversy in this action, I find that

no justiciable controversy exists."); Cohen v. Loeb Partners Corp., No. 90 Civ 5175, 1992 WL

84535, at *3-*4 (S.D.N.Y. Apr. 13, 1992) ("Although a declaratory judgment regarding Defen-

dant's duty to indemnify Plaintiff might serve a useful purpose in clarifying and settling the legal

relations of the parties . . . the Court declines to issue such relief because Plaintiff controls the contingency that deprives this case of an actual controversy.").

      Plaintiff admits that he does not owe Pentagon Federal any money.  Complaints ¶ 28.  Therefore, his declaratory judgment claims are purely hypothetical in that they are dependent *entirely* on whether Plaintiff decides to gamble in the future and, if he does, assuming that at that time he even has a credit card issued by Pentagon Federal,[6] decides to use that card (as distinguished from the numerous other credit cards these litigations reveal he has or has had) to buy chips.  Plaintiff is essentially asking the Court to issue an advisory opinion as to whether a certain hypothetical transaction between himself and Pentagon Federal would constitute an enforceable contract if he were in the future to elect to gamble using his Pentagon Federal credit card, and if were to lose, and if Pentagon Federal were to try to collect his debt.  This type of speculative opinion, dependant solely on Plaintiff's future actions, is not countenanced by the federal courts.[7]  Counts I and II should be dismissed for lack of standing.

---

[6]    Although *dehors* the record, Plaintiff could not make this allegation because he no longer possesses a MasterCard or Visa brand credit card issued by Pentagon Federal.

[7]    In any event, Plaintiff's attempt to invoke the *state* declaratory judgment provisions in this Court fails.  MC Cplt. ¶ 67; Visa Cplt. ¶ 65.  In federal court, federal procedures apply, including the federal Declaratory Judgment Act (28 U.S.C. § 2201).  See Britamco Underweriters, Inc. v. C.J.H., Inc., 845 F. Supp. 1090, 1092 (E.D. Pa. 1994) ("The Declaratory Judgment Act is procedural in nature and thus federal law determines whether or not a district court may properly enter a declaratory judgment in a given case."); Phoenix Home Life Mutual Insurance Co. v. Brown, No 93-CV-0990E, 1997 WL 627637, at *4 n.8 (W.D.N.Y. Oct. 7, 1997) ("The Complaint requests a declaratory judgment pursuant to section 3001 of New York's Civil Practice Law and Rules ('CPLR'), which does not apply to federal court proceedings.  [Plaintiff's] request for a declaratory judgment is properly made under 28 U.S.C. § 2201.").  Count II must also be dismissed for this reason.

{N1041873 1}                   9

**B.    The Contract at Issue Is Not a Gaming
or Gambling Contract Under Virginia
or North Carolina Law**

Even if Plaintiff did have standing to pursue these claims, they would fail as a

matter of law.[8]  Plaintiff's state law-based declaratory judgment claims are governed substan-

tively by the law of either (i) North Carolina, the state in which Plaintiff resides; or (ii) Virginia,

where Pentagon Federal resides.[9]  Complaints ¶¶ 5,7.  A federal court adjudicating supplemental

state law claims in the MDL context must apply the state choice of law rules of the transferor

forum — here, New York and California.  See In re Propulsid Products Liability Litigation, 208

F.R.D. 133, 140 (E.D. La. 2002) (Fallon, DJ) ("In the MDL setting, the forum state is usually the

state in which the action was initially filed before it was transferred to the court presiding of the

MDL proceedings."); Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487, 496

(1941).  Under the choice of law provisions of New York and California, "'[t]he first step in any

case presenting a potential choice of law issue is to determine whether there is an actual conflict

between the laws of the jurisdictions involved.'"  See Karaha Bodas Co. v. Pertamina, 313 F.3d

70 (2d Cir. 2002) (quoting Allstate Insurance Co. v. Stolarz, 613 N.E.2d 936, 937 (N.Y. 1993));

Isuzu Motors Ltd. v. Consumers Union of United States, Inc., 12 F.Supp. 2d 1035, 1043 (C.D.

---

[8]    Indeed, this Court has already considered and rejected Plaintiff's argument that his debts are unenforceable
gambling contracts.  In denying Plaintiff's motion to amend, this Court expressly held that this argument
"ignores the express language of this Court that the relevant credit card transactions occurred prior to any
gambling."  In re Mastercard International Inc., Nos. Civ.A.00MD-1321, 00-1322, 2003 WL 21783301, at
*6 (E.D. La. Jul. 30, 2003).  Accordingly, this Court concluded that "there is no possibility that plaintiff[]
can prevail on [his] claim that the defendants violated state law by 'gambling over the Internet.'"  Id.

[9]    Plaintiff alleges in the MC Cplt. that New York law may apply.  MC Cplt. ¶ 67.  For Pentagon Federal to
have violated New York law, "the alleged conduct or some consequence of it must have occurred within
the State."  People v. McLaughlin, 606 N.E.2d 1357, 1359 (N.Y. 1992).  Because Plaintiff has made no
specific allegations that would connect Pentagon Federal's supposed unlawful activities with the State of
New York, New York law does not apply.

Cal. 1998) (applying California law) (in resolving conflicts of laws issues, "we must first consider whether the two states' laws actually differ").

Here, no choice of law analysis between North Carolina and Virginia is necessary because there is no meaningful difference between them as to (i) whether the contract at issue is illegal; and (ii) if it is illegal, whether Plaintiff may ask the courts to grant him relief from that illegal contract. Both Virginia and North Carolina require that Plaintiff allege that Pentagon Federal *knew* that Plaintiff intended to use the money charged on his credit card for gambling. Plaintiff has failed to do so and thus cannot sustain any claim premised upon the alleged invalidity of his obligations to Pentagon Federal.

### Virginia Law

Under Virginia law, money lent which is ultimately used for the purpose of gambling constitutes a "gaming contract" (and is therefore void) *only* if it was "*knowingly* lent at the time and place of such game, race, sport or pastime, to any person *for the purpose* of so gaming, betting or wagering." Va. Code Ann. § 11-14 (Michie 1999) (emphasis added). The Supreme Court of Virginia has endorsed this well-reasoned rule of law in holding that no "gaming contract" is formed when one loans money to a person which that person then uses to gamble *where the lender is unaware at the time of the loan* of the borrower's intentions. See Citizens' National Bank v. McDannald, 83 S.E. 389, 390 (Va. 1914).

Citizens' National held that a borrower could not rely on the predecessor to Va. Code Ann. § 11-14 to avoid repayment of a note where "it is neither averred in the pleadings nor proved that the bank knew the *purpose* for which the money was to be used." Id. (emphasis added). In that case, McDannald borrowed money against a note from a bank, and subsequently

gambled and lost that money. When the note because due, McDannald did not pay it, and the bank filed suit. McDannald defended on the basis that the proceeds of the loan were used "to keep up margins on a stock-gambling transaction," and that the loan was therefore void as a gambling contract. Id. The Virginia Supreme Court, in reversing the trial court, held that the "burden rested upon the borrower to prove that he was engaged in [gambling], and that the bank knew the unlawful use to which the money was to be applied." Id. Because McDannald had failed to either plead or prove such knowledge by the bank, the court found that no "gaming contract" was formed and thus the loan was enforceable. Id.

### North Carolina Law

Gaming and gambling contracts are also void under North Carolina law. See N.C. Gen. Stat. § 16-1 (1999) ("[A]ll contracts, judgments, conveyances and assurances for and on account of any money or property, or thing in action, so wagered, bet or staked, or to repay, or to secure any money, or property, or thing in action, lent or advanced for the purpose of such wagering, betting, or staking as aforesaid, shall be void."). However, just as in Virginia, to constitute an illegal gaming contract the money must have been "lent or advanced *for the purpose* of such wagering, betting or staking." Id. (emphasis added). If money is advanced at the request of the debtor to pay his losses, and the lender was not a party to original the gaming contract, then that loan contract is valid. See Ballard v. Green, 24 S.E. 777, 777 (N.C. 1896) (holding that a contract which provided for the advancing of money at the request of the debtor to pay gambling losses is enforceable so long as the lender was not a party to the gambling).

Plaintiff has not alleged and could not allege that Pentagon Federal (i) *knew* that Plaintiff intended to use his credit cards to gamble when they entered into an agreement to allow Plaintiff to make purchases with credit cards issued by Pentagon Federal; or (ii) *knew* that, at the

{N1041873 1}                                   12

time and place he incurred the charges, Plaintiff intended to use the money charged on his credit

card for gambling.  By providing him with a credit card, Pentagon Federal agreed to allow Plain-

tiff to incur charges; how he chose to do so was up to him.  Plaintiff chose to use his credit cards

to purchase "credits" which in turn allowed him to gamble at an Internet casino; now he wants

others to foot the bill.  Neither the law of Virginia nor that of North Carolina supports this un-

usual proposition.

> **C.    Even Assuming That Plaintiff's Debt Were
> A Gambling Debt, Plaintiff Is Not Entitled
> to Rescission or Restitution, As All
> Obligations Have Been Fully Performed**

Plaintiff admits that he has already paid all of the relevant charges in full.  Com-

plaints ¶ 28.  Accordingly, even assuming that the charges represent a gambling debt, Plaintiff is

not entitled to either restitution or a declaration that contracts he has already *fully performed* are

unenforceable.  Indeed, the general rule, as described below, is that a court will leave parties to

illegal contracts *in the position in which it found them*, and will not allow itself to be invoked to

assist either side.

### Virginia Law

In Virginia, one is not entitled to either rescission of or restitution pursuant to an

illegal contract.  As gambling contracts are illegal or immoral contracts under Virginia Law,

courts are to "'simply leave[] the litigants in the plight in which they have seen fit to place them-

selves without undertaking benefits or burdens.'"  Rahmani v. Resorts International Hotel, Inc.,

20 F. Supp. 2d 932, 936 (E.D. Va. 1998) (alteration in original) (quoting Phillip Levy & Co. v.

Davis, 80 S.E. 791 (Va. 1914)), aff'd, 182 F.3d 909 (4th Cir. 1999) (per curiam)).  "Given that

the [gambling] contracts defined by Rahmani are a nullity under Virginia law, . . . she is simply

{N1041873 1}                                    13

left 'in the plight in which [she has] seen fit to place [herself].'" <u>Rahmani</u>, 20 F. Supp. 2d at 936.

"The law . . . 'will neither lend its aid to enforce [the illegal or immoral] contract while execu-

tory nor to rescind it and recover the consideration parted with when executed.'" <u>Philip Levy &</u>

<u>Co.</u>, 80 S.E. at 792 (citation omitted).

### North Carolina Law

The law is the same in North Carolina, where "the rule is that there is no remedy

for the loser where money or property is delivered in payment of or on account of a gambling

contract or transaction, since the law will not lend its aid to a party in either the execution or the

rescission of such a contract, the maxim '*ex turpi causa non oritur actio*,' applying, and the loser

being regarded as *in pari delicto* with the winner in such cases." <u>North Carolina</u> v. <u>Hair</u>, 442

S.E.2d 163, 166 (N.C. Ct. App. 1994) (reversing order of restitution for money paid in settlement

of a gambling debt in a criminal case).

Plaintiff seeks a "declaratory judgment declaring said contracts to be illegal and

unenforceable and preventing [defendants] from doing business with Internet Casinos." MC

Cplt. ¶ 70; Visa Cplt. ¶ 68. As a matter of both Virginia and North Carolina law — and as this

Court has already held in denying Plaintiff's motion to amend (<u>In re Mastercard International</u>

<u>Inc.</u>, <u>supra</u>, 2003 WL 21783301, at *6) — this relief is simply not available: the Court must

leave the parties in the position in which it found them.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Plaintiff's Complaints in their entirety, with prejudice, and grant such other relief as the Court deems just and proper.

Dated:    New Orleans, Louisiana
          September 29, 2003

                         Respectfully submitted,

                         JONES, WALKER, WAECHTER, POITEVENT,
                         CARRERE & DENEGRE, L.L.P.


                    By:  _____
                         R. Patrick Vance (La. Bar No. 13008)
                         201 St. Charles Avenue, 49th Floor
                         New Orleans, Louisiana 70170-5100
                         Telephone (504) 582-8194
                         Telefax (504) 589-8194

                         CAHILL GORDON & REINDEL LLP
                         Thomas J. Kavaler
                         David Montone
                         80 Pine Street
                         New York, New York  10005
                         (212) 701-3000

                         *Attorneys for Defendant*
                         *Pentagon Federal Credit Union*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Memorandum of Law In Support of Defendant Pentagon Federal Credit Union's Motion to Dismiss has been served on the following parties by placing a copy of same in the U.S. Mail, postage prepaid and properly addressed, this 29th day of September, 2003.

> W. Lewis Garrison, Jr.
> Garrison, Scott, Gamble & Rosenthal, P.C.
> 2224 1st Avenue North
> Post Office Box 11310
> Birmingham, Alabama 35202
>
> Barry G. Reed
> Zimmerman Reed L.L.P.
> 651 Nicollet Mall, Suite 501
> Minneapolis, Minnesota 55402

# SEE RECORD FOR

# EXHIBITS

# OR

# ATTACHMENTS

# NOT SCANNED