FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 SEP 29 P 4 03

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Civil Action 00-MD-1321 |
| MasterCard International Association | ) | MDL Docket No.: ~~1322~~ |
| Internet Gambling Litigation | ) | |
| | ) | Section "K" (5) |
| | ) | Judge Duval |
| | ) | Mag. Judge Chasez |

This document relates to:

MARK FREEMAN

VERSUS                                                CIVIL ACTION NO. 00-662

VISA INTERNATIONAL SERVICE
ASSOCIATION AND PROVIDIAN
NATIONAL BANK

### DEFENDANT PROVIDIAN NATIONAL BANK'S
### MOTION TO DISMISS PLAINTIFF MARK FREEMAN'S COMPLAINT

Defendant Providian National Bank ("Providian") moves this Court to dismiss the claims of Mark Freeman which were brought in the case *Freeman v. Providian National Bank; Visa International Serv. Ass'n*, No. CV-99-D-108-N (M.D. Ala. 1999). The claims are due to be dismissed on the following grounds:

1

1.  Like the other plaintiffs involved in this MDL, the plaintiff in *Freeman v. Providian National Bank; Visa International Serv. Ass'n*, No. CV-99-D-108-N (M.D. Ala. 1999), asserts claims arising from his purchase of credits for use at an on-line casino. The *Freeman* plaintiff filed a two count complaint against Providian, asserting the following claims: (1) Declaratory Judgment: Unlawful Contract Void and/or Voidable Under Federal Law; and (2) Violation of Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) Enterprise Liability.  These claims are due to be dismissed as a result of this Court's holding that the plaintiff has failed to state a RICO claim against the defendants for the plaintiff's purchase of gambling credits at an on-line casino. *In re Mastercard International Inc., Internet Gambling Lit.*, 132 F. Supp.2d 468 (E.D. La. 2001). This Court was affirmed by the Fifth Circuit Court of Appeals. *In re Mastercard International Inc., Internet Gambling Lit.*, 313 F.3d 257 (5th Cir. 2002).

2.  The case should be dismissed in its entirety as the plaintiff's motion to amend the complaint to add a state law claim and plead additional facts is due to be denied for the following reasons:

   a.  The court may decline supplemental jurisdiction over the state law claim; and,

   b.  The motion to amend to add state law claims should be denied because the amendment would be futile in that (i) there is no illegal gambling debt; (ii) the plaintiff has suffered no statutory injury; and (iii) the plaintiff lacks Article III

standing to bring the claim. In the alternative, the claim is due to be dismissed.

Respectfully submitted,

/s/ R. Patrick Vance

R. Patrick Vance (LA Bar No. 13008)
JONES WALKER WAECHTER, POITEVENT
    CARRÉRE & DENÉGRE, L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170
Telephone (504) 582-8194
Telefax (504) 589-8194

OF COUNSEL:

John M. Johnson
Jackson R. Sharman III
William H. Morrow
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion to Dismiss Plaintiff Mark Freeman's Complaint has been served on the below-named parties by placing a copy of same in the U. S. Mail, postage prepaid and properly addressed, this 29th day of September, 2003.

> W. Lewis Garrison, Jr.
> Garrison, Scott, Gamble & Rosenthal, P.C.
> 2224 1st Avenue North
> Post Office Box 11310
> Birmingham, Alabama 35202
>
> Barry G. Reed
> Zimmerman Reed L.L.P.
> 651 Nicollet Mall, Suite 501
> Minneapolis, Minnesota 55402

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

------------------------------------------------------------x
:
: Civil Action
: MDL Nos. 1321 and 1322
IN RE: MASTERCARD INTERNATIONAL, :
INC. INTERNET GAMBLING LITIGATION, : Section "K" (5)
:
: Judge Duval
: Mag. Judge Chasez
:
:
:
------------------------------------------------------------x

This document relates to:

MARK FREEMAN

VERSUS                                                    CIVIL ACTION NO. 00-662

VISA INTERNATIONAL SERVICE
ASSOCIATION AND PROVIDIAN
NATIONAL BANK

NOTICE OF HEARING

PLEASE TAKE NOTICE that defendant, Providian National Bank, will bring on for hearing the attached Motion to Dismiss Plaintiff Mark Freeman's Complaint before this Court at the United States District Court, 500 Camp Street, Room C352, New Orleans, Louisiana, on the 3rd day of December, 2003, at 10:00 a.m., or as soon thereafter as can be heard.

{N1042248 1}                              -1-

*[signature]*
R. Patrick Vance (La. Bar No. 13008)
JONES, WALKER, WAECHTER, POITEVENT,
  CARRERE & DENEGRE, L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
Telephone (504) 582-8194
Telefax (504) 589-8194

John M. Johnson
Jackson R. Sharman, III
William H. Morrow
LIGHTFOOT, FRANKLIN & WHITE, LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203

*Attorneys for Defendant*
Providian National Bank

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Notice of Hearing has been served on the below-named parties by placing a copy of same in the U. S. Mail, postage prepaid and properly addressed, this 29th day of September, 2003.

> W. Lewis Garrison, Jr.
> Garrison, Scott, Gamble & Rosenthal, P.C.
> 2224 1st Avenue North
> Post Office Box 11310
> Birmingham, Alabama 35202
>
> Barry G. Reed
> Zimmerman Reed L.L.P.
> 651 Nicollet Mall, Suite 501
> Minneapolis, Minnesota 55402

*[signature]*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: ) | |
| ) | |
| MasterCard International Association ) | |
| Internet Gambling Litigation ) | MDL Docket No.: 1322 |
| ) | |
| THIS DOCUMENT RELATES TO: | |
| MARK FREEMAN | |
| VERSUS | CIVIL ACTION NO. 00-662 |
| VISA INTERNATIONAL SERVICE ASSOCIATION AND PROVIDIAN NATIONAL BANK | |

### DEFENDANT PROVIDIAN NATIONAL BANK'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF MARK FREEMAN'S COMPLAINT

Defendant Providian National Bank ("Providian") hereby submits this memorandum of law in support of its motion to dismiss the claims brought by plaintiff Mark Freeman in the case *Freeman v. Providian National Bank; Visa International Serv. Ass'n*, No. CV-99-D-108-N (M.D. Ala. 1999). In support of its motion, Providian shows unto the Court as follows:

1

I. Introduction

Like the other plaintiffs involved in this MDL, the plaintiff in *Freeman v. Providian National Bank; Visa International Serv. Ass'n*, No. CV-99-D-108-N (M.D. Ala. 1999), asserts claims arising from his purchase of credits for use at an on-line casino. The *Freeman* plaintiff filed a two count complaint against Providian, asserting the following claims: (1) Declaratory Judgment: Unlawful Contract Void and/or Voidable Under Federal Law; and (2) Violation of Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) Enterprise Liability.

This Court has already ruled that the plaintiff has failed to state a RICO claim against the defendants for the plaintiff's purchase of gambling credits at an on-line casino. *In re Mastercard International Inc., Internet Gambling Lit.*, 132 F. Supp.2d 468 (E.D. La. 2001). This Court was affirmed by the Fifth Circuit Court of Appeals. *In re Mastercard International Inc., Internet Gambling Lit.*, 313 F.3d 257 (5th Cir. 2002).

This Court's Order, as affirmed by the Fifth Circuit, completely disposes of the plaintiff's pending claims in *Freeman v. Providian National Bank; Visa International Serv. Ass'n*, No. CV-99-D-108-N (M.D. Ala. 1999).

II. **This Court's Order, as affirmed by the Fifth Circuit, disposes of all the plaintiff's claims.**

As previously noted, this Court has already ruled that the claims asserted by the plaintiff do not state valid claims under federal law. *See In re Mastercard International*

*Inc., Internet Gambling Lit.*, 132 F. Supp.2d 468 (E.D. La. 2001); *In re Mastercard International Inc., Internet Gambling Lit.*, 313 F.3d 257 (5th Cir. 2002). The allegations in the *Freeman* complaint mirror the allegations which were addressed by this Court, and the Complaint fails to state a viable RICO claim.

Likewise, Count I of the complaint for declaratory judgment to declare the debts void as illegal under federal law has also been determined by this Court. As this Court has already held, the debts are, in fact, legal:

> The billing statements received by plaintiffs indicated that plaintiffs owed a certain sum for credits purchased, the amount of which is not disputed by plaintiffs. As this Court has decided that the act of making those credits available is not a violation of law, the debts are legal and enforceable.

*See In re Mastercard International Inc., Internet Gambling Lit.*, 132 F. Supp.2d at 482.

Therefore, this Court's prior decision, as affirmed by the Fifth Circuit, completely disposes of the plaintiff's pending claims. The case should be dismissed in its entirety.[1]

### III. The Plaintiff's Motion to Amend the Complaint should be denied; or, In the Alternative, The New Claims Should Be Dismissed.

On February 4, 1999, plaintiff filed a complaint against Providian National Bank and Visa International Service Association containing a Declaratory Judgment Act claim

---

[1] Because all pending claims have been disposed of by this Court's order, there are no jurisdictional issues with regard to the claims before this Court.

and two RICO claims. The RICO claims were based on allegations that Providian and Visa violated federal anti-gambling statutes and the Wire Act. Both defendants moved to dismiss these claims, and this Court, as affirmed by the Fifth Circuit, has made clear that those claims are due to be dismissed.

After the litigation progressed, however, the plaintiff sought leave to amend his complaint. (See Motion to Amend, attached as Exhibit A).[2] The Motion to Amend was not ruled on by the Middle District of Alabama prior to the transfer of the litigation to this Court. Plaintiff's motion for leave should be denied because (1) the proposed new count is futile, and (2) the proposed supplemental pleading was inappropriately after-acquired to hinder Providian's defense of the case.

### A.   Summary of Motion to Amend Complaint

Plaintiff seeks to add a new count, requesting a declaration pursuant to the Declaratory Judgment Act and Section 8-1-150(a) of the Code of Alabama that (i) Plaintiff's Internet gambling debt is void and unenforceable; (ii) he is entitled to cancellation of his unpaid debt; (iii) he is entitled to reimbursement of all payments made upon his debt, including interest and penalties; (iv) defendants are enjoined from collecting any charges incurred at Internet gambling sites; and (v) Visa's computers are "gambling devices which promote illegal gambling activity." *See* Proposed Compl. ¶¶

---

[2]   Plaintiff initially sought to add claims relating to sports betting but voluntarily withdrew those claims. (See December 16, 1999 Order, attached as Exhibit B).

86-92. Plaintiff's motion should be denied on the grounds of futility; if proposed Count IV were filed, it would be due to be dismissed under Federal Rule of Civil Procedure 12(b)(6).

**B.     This Court Should Decline Jurisdiction Over the State Law Claim or, In the Alternative, Plaintiff's Motion to Amend His Complaint to Add an Additional State Law Count Should be Denied Because the Amendment is Futile.**

       **1.     It Is Within The Court's Discretion To Decline Supplemental Jurisdiction.**

In the proposed amended complaint, the plaintiff recognizes that this Court does not have original jurisdiction over the state law declaratory judgment action, so he asks the Court to take supplemental jurisdiction. Proposed Amendment at ¶ 92.

"A district court may entertain state law claims pursuant to its 'supplemental jurisdiction,' provided that the claims arise from the case or controversy over which the district court had original jurisdiction. When all federal claims are dismissed - - i.e., those over which the district court had original jurisdiction - - the district court enjoys wide discretion in determining whether to retain jurisdiction over the remaining state law claims." *Burns-Toole v. Byrne*, 11 F.3d 1270, 1276 (5th Cir. 1994). "Ordinarily, the fact that all federal claims have been disposed of counsels in favor of the district court declining to retain jurisdiction over any pendent state law claims . . ." *Morris v. Dillard Department Stores, Inc.*, 277 F.3d 743, 756 n. 12 (5th Cir. 2001).

5

Here, Providian submits that this Court should not exercise jurisdiction.[3] As discussed below, allowing the amendment would be futile, and there would be nothing to be gained by allowing the plaintiff to continue this case. As all federal claims have been dismissed, the futile proposed state law claim should not be allowed.

### 2. The Motion to Amend to Add State Law Claims Should be Denied Because the Amendment Would Be Futile.

The grant or denial of an opportunity to amend one's complaint is within the discretion of the trial court. *See* Fed.R.Civ.P. 15; *Foman v. Davis*, 371 U.S. 178 (1962). Federal Rule of Civil Procedure 15(a) provides that leave to amend should be "freely given when justice so requires," but the Supreme Court has construed the phrase "when justice so requires" to preclude granting leave when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman*, 371 U.S. at 182. In this case, leave should be denied because the proposed amendment is futile.

Plaintiff's new count is futile because it does not state a claim against Providian. Where a plaintiff's proposed amended complaint would be due to be dismissed under Rule 12(b)(6), a court should deny leave to amend under the doctrine of futility. *See*

---

[3] The case was originally filed in the Middle District of Alabama, so there is no state court to remand the case to.

6

*Burger King Corp. v. C.R. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (affirming lower court's denial of motions to amend complaint where proposed new claims were "insufficient as a matter of law"). Plaintiff seeks to amend his complaint to request a declaratory judgment that under Code of Alabama Section 8-1-150 his credit card charges are unenforceable gambling debts. Section 8-1-150 declares void all contracts based upon gambling consideration. The sole remedy under the statute however, is the recovery of monies paid as a result of enforcement of illegal gambling debts. Ala.Code § 8-1-150 (1975). If this Court decides to exercise jurisdiction, an amendment to add a claim under this statute would be futile for three reasons.

        **a.**      **The Proposed Claim Would Be Dismissed Because There Is No Illegal Gambling Debt.**

The amendment should be denied because no contract based on gambling consideration exists between plaintiff and Providian. As this Court and the Fifth Circuit has recognized, the debt incurred by the plaintiff is legal. The debt is for credits the plaintiff purchased. The only contract between the plaintiff and Providian is a standard cardholder agreement that the parties entered into when Providian issued a credit card to plaintiff. Plaintiff has incurred credit card charges governed by the terms and conditions of his cardholder agreement, an agreement that he does not allege is unlawful. Because plaintiff's credit card charges are not gambling debt, the statute does not apply. Plaintiff's proposed additional count therefore fails to state a claim against Providian.

### b.  Plaintiff Cannot Maintain An Action Under the Alabama Statute Because He Has No Statutory Injury

First, plaintiff has not alleged that he has actually paid anything of value to anyone as a result of his gambling, which is a prerequisite to any attempt to "recover" gambling payments under the Alabama statute. Therefore, Plaintiff has suffered no monetary loss whatsoever and cannot maintain an action under the statute because he has no injury. *See Wilson v. Harris*, 688 So. 2d 265, 269 (Ala.Civ.App. 1996); *Motlow v. Johnson*, 39 So. 710, 711 (Ala. 1905). The purpose of the statute is to restore the status quo, not to punish collection of the debt through damages. *See id.*

### c.  Because He Has No Injury, Plaintiff Lacks Article III Standing

Because plaintiff has suffered no injury under Section 8-1-150, based upon that provision his proposed new count should also be rejected because he lacks standing under Article III of the United States Constitution. Because Plaintiff lacks standing, this Court lacks jurisdiction to entertain this claim. Standing is a threshold question that must be resolved in the plaintiff's favor before the Court can consider any other issues, because the answer to the standing question determines the Court's jurisdiction to entertain the action. *See Steel Co. v. Citizens For A Better Environment*, 523 U.S. 83 (1998). Further, standing "is an issue upon which the party invoking federal jurisdiction, the plaintiff, bears the burden of persuasion." *Friends of the Earth, Inc. v. Crown Central Petroleum*

*Corp.*, 95 F.3d 358, 361-362 (5th Cir. 1996), and this Court has an "independent obligation to consider standing." *Falanga v. State Bar of Georgia*, 150 F.3d 1333, 1335 n.1 (11th Cir. 1998). As the Court is well aware, Article III limits the jurisdiction of this Court to actual "cases or controversies." *American Gen. Life and Accident Ins. Co. v. Smith*, 4 F.Supp.2d 1342, 1345 (M.D. Ala. 1998) (DeMent, J.) (granting motion to dismiss). A party's "standing" is a "core component" of the case or controversy requirement in Article III. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 117 S.Ct. 1055, 1067 (1997); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). As "perhaps the most important" of all jurisdictional doctrines, *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230 (1990), "standing prevents the federal courts from becoming forums for the 'ventilation of public grievances` and protects the delicate balance of power shared by the executive, legislature and judiciary." *PIRG of New Jersey, Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 117 (3rd Cir. 1997).

To invoke the jurisdiction of this Court, the plaintiff must carry his constitutional burden of establishing three elements:

> First, the plaintiff must have suffered an 'injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized ..., and (b) 'actual or imminent, not 'conjectural` or 'hypothetical,`.... Second, there must be a causal connection between the injury and the conduct complained of – and the injury has to be 'fairly ... traceable to the challenged action of the defendant, and not ... the result [of] the independent action of some third party not before the court.` .... Third, it must be 'likely,` as opposed to merely 'speculative,` that the injury will be 'redressed by a favorable decision.`

9

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted). *See also Steel Co.*, 523 U.S. at 1017 ("This triad of injury in fact, causation, and redressability comprises the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence."); *American General Life*, 4 F.Supp.3d at 1345.

In this case, Plaintiff does not allege and cannot establish the injury-in-fact required by Article III to proceed with his proposed additional count. For that reason alone, the new count is due to be dismissed and therefore is futile. The only "harm" that Plaintiff alleges is that he received his Providian VISA statement which reflected charges that he incurred at Internet gambling sites. Plaintiff does not allege that these charges have been paid or that he has actually lost anything of value. Because Plaintiff cannot show any injury-in-fact, his claim is due to be dismissed for lack of standing.[4]

## CONCLUSION

This Court's Order, as affirmed by the Fifth Circuit, disposes of all pending claims in *Freeman v. Providian National Bank; Visa International Serv. Ass'n*, No. CV-99-D-108-N (M.D. Ala. 1999). As such, the case should be dismissed.

---

[4] For the same reasons that plaintiff lacks Article III standing, there is no genuine controversy for his Declaratory Judgment Act claim. *See* 28 U.S.C. § 2201 *et seq.*; *Atlanta Gas Life Co. v. Aetna Cas. & Sur. Co.*, 68 F.2d 409, 414 (11th Cir. 1995).

10

Should this Court entertain jurisdiction to hear the motion to amend the complaint, the amendement should be denied or, in the alternative, the new claim should be dismissed. Plaintiff's proposed new count fails to state a claim against Providian because plaintiff has not lost anything of value and has not entered into a gambling a contract with Providian. Because plaintiff has sustained no injury, he also lacks standing to sue.

Plaintiff's Motion to Amend Complaint should be denied, and the case against Providian should be dismissed.

Respectfully submitted,

*/s/ R. Patrick Vance*
_____
R. Patrick Vance (LA Bar No. 13008)
JONES WALKER WAECHTER, POITEVENT
 CARRÉRE & DENÉGRE, L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170
Telephone (504) 582-8194
Telefax (504) 589-8194


OF COUNSEL:

John M. Johnson
Jackson R. Sharman III
William H. Morrow
 LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200

12

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing has been served on the below-named parties by placing a copy of same in the U. S. Mail, postage prepaid and properly addressed, this 29th day of September, 2003.

> W. Lewis Garrison, Jr.
> Garrison, Scott, Gamble & Rosenthal, P.C.
> 2224 1st Avenue North
> Post Office Box 11310
> Birmingham, Alabama 35202
>
> Barry G. Reed
> Zimmerman Reed L.L.P.
> 651 Nicollet Mall, Suite 501
> Minneapolis, Minnesota 55402

/s/ *[signature]*

13

# SEE RECORD FOR

# EXHIBITS

# OR

# ATTACHMENTS

# NOT SCANNED