

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 NOV 12  PM 12: 47

LORETTA G. WHYTE
CLERK

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA** 00-MD-1321

| | |
|---|---|
| DANIEL N. SILVERLIEB, on behalf of all others similarly situated, | CIVIL ACTION NO. 00-MD-1990 |
| Plaintiffs | SECTION "K" (5) |
| v. | |
| MASTERCARD INTERNATIONAL, INC., and PEOPLE'S BANK CORPORATION, | |
| Defendants | |

- and –

| | |
|---|---|
| DANIEL N. SILVERLIEB, on behalf of all others similarly situated, | CIVIL ACTION NO. 00-MD-1995 |
| Plaintiffs | SECTION "K" (5) |
| v. | |
| VISA INTERNATIONAL, INC., and PEOPLE'S BANK CORPORATION, | |
| Defendants | |

**DEFENDANT PEOPLE' BANK'S REPLY BRIEF IN SUPPORT OF CONSOLIDATED MOTIONS TO DISMISS, FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, TO TRANSFER**

**INTRODUCTION**

Plaintiff has filed a memorandum in opposition to some of Defendant People's

Bank's ("People's") consolidated motions filed September 29, 2003.    Of primary

Process
X  Dktd
CtRmDep
Doc. No.

importance, Plaintiff has not opposed several motions at all.  Plaintiff has not opposed the Motion to Dismiss for Lack of Subject Matter Jurisdiction under the mootness doctrine.  Plaintiff does not oppose the Motion to Dismiss for Lack of Jurisdiction over the Person of the Defendant, nor the Motion to Dismiss for lack of proper venue.

Plaintiff does not dispute the Motion for Summary Judgment that demonstrates, under the facts not in dispute, People's did not receive any notice that Plaintiff's transactions involved gambling.

Even on those motions that Plaintiff has addressed, Plaintiff's position is utterly lacking in merit.  Plaintiff advances no credible argument that this Court should retain supplemental jurisdiction over the state law claims.  Plaintiff makes no effort to demonstrate a shred of legal merit to his claims, such that they can avoid dismissal for failure to state a claim upon which relief may be granted.

In short, Plaintiff has failed to defend the combined motions, and People's requests the Court to grant such motions, addressing first those motions that would determine the matter on its merits.

I.    **THE MOTIONS THAT ARE NOT OPPOSED**

A.    **Dismissal under Rule 12(b)(1) for Lack of Subject Matter Jurisdiction.**

Notwithstanding that subject matter jurisdiction goes to the essence of every federal court action, and the extensive discussion of the Rule 12(b)(1) motion in Movant's papers, Plaintiff has not even addressed, much less opposed, People's motion to dismiss for lack of subject matter jurisdiction on the basis that no case or controversy exists between the litigants herein.  Such absence of opposition is basis alone for the Court to forthwith grant and sustain this motion.

In People's moving papers, People's established through the affidavit of Faisal Ali, that Mr. Silverlieb's account was closed in May 2000, and that it was voluntarily paid in full by Mr. Silverlieb by February 12, 2002. (See Ali Affidavit at Paragraphs 7 and 8.) More importantly, Mr. Ali's affidavit established that since February 12, 2002, the Plaintiff's credit card account has been closed, and no amount or claim has been at issue. Id. at ¶ 10. Plaintiff does not in anyway dispute these demonstrated facts. Plaintiff has had ample time to fully investigate these issues, because as the court is aware from related motions, Plaintiff's counsel was advised on January 28, 2003, that the account had been long paid off and any dispute between the parties rendered moot.[1]

Plaintiff also does not dispute the fact, fully supported by affidavit and the record, that People's, during 2002, voluntarily ceased the practice of approving extensions of credit for any transaction bearing the transaction codes that would permit it to be identified as related to internet gambling.[2]

Plaintiff does not dispute that no case or controversy remains, and Plaintiff has not addressed the numerous authorities from the Fifth Circuit of Appeals that clearly require dismissal whenever the dispute between the parties ceases to exist.

**B.    The Motion for Summary Judgment under Rule 56 is not Opposed.**

Plaintiff does not in any way oppose the motion for summary judgment asserted by People's. On this basis alone, the motion should be granted.

---

[1]   See Opposition Memorandum and Supplemental Objection of Defendant People's Bank to Plaintiff's Motion for Leave to Amend Complaint, filed May 27, 2003, Exhibit A, at 2.

[2]   Plaintiff has known this since May 27, 2003, as well. See id., Exhibit B.

The essence of Plaintiff's claim under Connecticut law was identified as the knowledge of People's, contemporaneous with any extension of credit, that the loan or credit in question was extended for the purpose of a gambling transaction. (See People's Memorandum of Law in Support of Consolidated Motions to Dismiss, for Summary Judgment or, Alternatively, to Transfer at 12-14.) In its moving papers, People's set forth the electronic information available at the time a request for extension of credit is electronically processed by a financial institution. It demonstrated that the transactions in question here, which are specifically identified within the allegations of the complaints, were not coded in a manner that would permit them to be identified as relating to internet gambling. To the contrary, these transactions had each of the two relevant codes altered in a manner that described the transaction as a perfectly legitimate commercial transaction, completely unrelated to internet gambling or gambling of any sort.

Once again, Plaintiff does not take issue with any of these factual items. Plaintiff does not question that the transactions described in the two complaints were presented to People's in a manner completely innocent.[3]

As wasteful as it may seem to have filed allegations claiming misconduct by People's in light of these undisputed facts, and to have left them pending for over three years, at least it can be said that Plaintiff has now chosen, through his silence, to admit the validity of People's position, rather than waste any further resources of the Court. There is absolutely no factual basis on which Plaintiff's claims, under Federal law, or Connecticut State law, can possibly succeed, because the facts are exactly contrary to

the allegations presented in his complaints.  People's had no information that the transactions Plaintiff alleged in the complaints pertained to interest gambling

### C.    Plaintiff Does Not Oppose the Rule 12(b)(2) Motion for the Lack of Jurisdiction Over Defendant.

Plaintiff has not opposed the motion to dismiss for lack of personal jurisdiction over People's in either of the two courts in which these cases were originally commenced.  On this basis alone, the motion to dismiss for lack of personal jurisdiction should be sustained.

Plaintiff does not dispute in any way the facts demonstrated to this Court that People's was not subject to personal jurisdiction in either the Southern District of New York or the Northern District of California, where, for still incomprehensible reasons, Plaintiff chose to commence two separate lawsuits that involved a single credit card account at People's.

Plaintiff has not taken issue with any of those facts or demonstrated any basis or contention by which People's might be subject to jurisdiction in districts outside Connecticut.  Indeed, in Plaintiff's response in opposition to the consolidated motions, Plaintiff readily admits that the transactions in question were entered into by Plaintiff in the State of Connecticut where Plaintiff resides.  (See Plaintiff's Response at 2.)

### D.    Plaintiff Does Not Dispute the Rule 12(b)(3) Motion to Dismiss for Improper Venue.

Plaintiff has not opposed, nor even addressed in any way, the motion to dismiss for lack of venue.  On this basis alone, the motion should be granted.

---

[3] Plaintiff has also been aware of this information since January 28, 2003, and has had more than ample opportunity to raise any factual questions if this point were to be fairly disputed.  (See footnote 1.)

Plaintiff does not dispute People's arguments, authorities and facts that neither of the complaints filed against People's were filed in districts with proper venue against People's. Indeed, Plaintiff now admits that the transactions occurred in the State of Connecticut, where Plaintiff resides. (See Pl.'s Resp. at 2.) Plaintiff has always alleged that People's is a bank located in the State of Connecticut. Plaintiff has filed to show any basis upon which venue might exist outside the District of Connecticut.

**E.   Plaintiff has Failed to Oppose the Alternative Motion to Transfer this Action to the State of Connecticut.**

Not only does Plaintiff fail to contest the motions to dismiss for lack of personal jurisdiction and lack of venue in the originating districts, Plaintiff does not oppose or object to the alternative motion filed by People's, should all the above motions fail, to transfer this action to the District of Connecticut. It is simply not disputed that Plaintiff resides in Connecticut, People's resides in Connecticut, the transactions occurred in Connecticut, and the only remaining legal claims, should there be any, involve questions of pure Connecticut law. Why this action, if not dismissed, should continue anywhere outside the State of Connecticut is simply incomprehensible.

**II.   THE MOTIONS THAT ARE OPPOSED BY PLAINTIFF**

**A.   This Court Should not Retain any Supplemental Jurisdiction Under 28 U.S.C. § 1367(c).**

Plaintiff argues, without authority or any factual support, that this action should remain pending in the Eastern District of Louisiana for judicial economy. Plaintiff fails to explain how asking this Court to continue administration of the case would result in judicial efficiency.

People's has argued that under the prior rulings of this Court and the Fifth Circuit Court of Appeals are dispositive of any remaining claim under Connecticut State law.

The only manner in which judicial efficiency would result is in the event the Court agrees, and the Rule 12(b)(6) motion is sustained on that basis. However, in the event Plaintiff can survive the pending dispositive motions, there is no efficiency for this Court to retain jurisdiction to handle discovery, pretrial motions, and trial under statutes from a variety of different states.

Granted, this Court has handled the tough issues involving application of federal statutes to novel questions arising through developing technology. These questions were common to all of the cases assigned as part of the multi-district litigation, and were perfectly appropriate for multi-district treatment. However, as a result of the Court's ruling, and the dismissal of many of the individual cases, the only issues that remain involve claims from a variety of different states. The Court has not yet been asked to investigate or analyze the nuances or issues involving this hodgepodge of state laws. No resources have been expended upon discovery or other related pretrial motions. Indeed, it would appear that the interest of judicial efficiency and comity would best be served by dismissal of these actions, allowing the parties to proceed in the respective state courts, where issues of pure state law can be resolved. Each state court system can then address its own state's law, binding precedents and important matters of public policy, all of which will impact any decisions to be entered.

**B.** **The Court Should Grant the Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim.**

In opposition to People's motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's sole argument appears to be a recitation of platitudes concerning the low threshold that must be met to survive a Rule 12(b)(6) motion. Obviously, had Plaintiff filed complaints that met that standard, People's would not have

filed the motion. Plaintiff's complaint, however, is so devoid of merit that it fails to meet even this low threshold.

Interestingly, Plaintiff does not even try to demonstrate that he can meet the minimal standard required under Rule 12(b)(6). Plaintiff's state law claims rest entirely on a recitation of legal conclusions, not factual allegations. Plaintiff does not set forth a single factual allegation to address the essential issue before this Court. This Court and the Fifth Circuit have determined that the extensions of credit to acquire electronic credits, which credits are later used for the purpose of gambling, is not an extension of credit related to internet gambling. Plaintiff continues to ignore this simple holding. Plaintiff does not identify a single factual allegation from his two complaints that might support some way around this crucial determination. Indeed, Plaintiff has simply parenthetically numbered various paragraphs without even identifying for the Court which of the two complaints he might be referencing. Plaintiff cannot ask this Court to argue or make out his case. Plaintiff is represented by distinguished and experienced counsel, who are fully capable of pointing out merit in those instances where the complaint has any. It is not this Court's duty to try to fabricate some legal claim in a case where the complaints obviously fail to present any.

The Court's prior determination that the extension of credit is not gambling, simply because the Plaintiff later chooses to gamble is dispositive on all the claims, even those under state law. With regard to the Connecticut statute, Plaintiff does not address or rebut the argument that the Connecticut Statute, Conn. Gen. Stat. § 52-553, requires contemporaneous lending with knowledge of the purpose of gambling in order to make the debt uncollectible. This is exactly the basis on which the Court previously

dismissed the test cases, and on which the Court's ruling was affirmed by the Fifth Circuit Court of Appeals.

As much as Plaintiff would like to ignore these prior holdings by the Court, it cannot responsibly ask this Court to do so.

## III.    PLAINTIFF'S FINAL ARGUMENT

Plaintiff's final argument takes issue with an argument that People's has not even advanced.  Belittling "Defendant's laughable position that there is no damage to the Plaintiff," Plaintiff argues that its allegations are sufficient.  People's takes no offense at this proposition simply because People's has not advanced it.

## CONCLUSION

It is clear that Plaintiff has failed to oppose the motions to dismiss this action for lack of subject matter jurisdiction for lack of personal jurisdiction, for improper venue, and to, in the alternative, transfer.  Not only were each of these motions well founded and fully supported by the record and movant's papers, they are well premised on precedents and prior decisions of this Court and the Fifth Circuit Court of Appeals.

Plaintiff also does not oppose and has not addressed the motion for summary judgment that is based on facts not in dispute and which go to the very essence of Plaintiff's claim.

Should the Court reach motions that Plaintiff has addressed, the motions to dismiss any supplemental claims under state law, or to dismiss under Rule 12(b)(6), People's notes that such motions should be granted as well.

Respectfully submitted,

R. Patrick Vance (LA Bar No. 130008)
Jones, Walker, Waechter, Poitevent,
   Carrère & Denègre, LLP
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504)582-8194
Facsimile: (504) 589-8194

- and –

William J. Wenzel (ct 06056)
Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT 06601-7006
Telephone: (203) 330-2000
Facsimile: (203) 576-8888

Attorneys for People's Bank Corp.

{N1059625.1}

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Reply Brief in Support of Consolidated Motions to Dismiss has been served on the below-named parties by placing a copy of same in the U. S. Mail, postage prepaid and properly addressed, this /2th day of November, 2003.

W. Lewis Garrison, Jr.
Garrison, Scott, Gamble & Rosenthal, P.C.
2224 1st Avenue North
Post Office Box 11310
Birmingham, Alabama 35202

Barry G. Reed
Zimmerman Reed L.L.P.
651 Nicollet Mall, Suite 501
Minneapolis, Minnesota 55402

R/ Patrick Vance

RT/610.02/WJW/496914v1