FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2003 NOV 13 P 3:45
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

00-MD-1321

| | |
|---|---|
| In Re: | ) |
| | ) Civil Action |
| MasterCard International Association | ) MDL Docket No.: 1322 |
| Internet Gambling Litigation | ) |
| | ) Section "K" (5) |
| | ) Judge Duval |
| | ) Mag. Judge Chasez |

This document relates to:

MARK FREEMAN

VERSUS                               CIVIL ACTION NO. 00-662

VISA INTERNATIONAL SERVICE
ASSOCIATION and PROVIDIAN
NATIONAL BANK

### DEFENDANT PROVIDIAN NATIONAL BANK'S REPLY TO PLAINTIFF'S RESPONSE TO PROVIDIAN'S MOTION TO DISMISS PLAINTIFF MARK FREEMAN'S COMPLAINT

Defendant Providian National Bank ("Providian") replies to the plaintiff's response to its motion to dismiss the claims of Mark Freeman which were brought in the case *Freeman v. Providian National Bank; Visa International Serv. Ass'n*, No. CV-99-D-108-N (M.D. Ala. 1999). In reply, Providian states as follows:

{N1063115 1}                            1

As an initial matter, the parties agree that it is in this Court's discretion to rule on the plaintiff's claims as opposed to remanding the claims back to the Middle District of Alabama. Plaintiff's response at p. 4. As discussed in the Brief in Support of Motion to Dismiss, Providian submits that this Court should disallow plaintiff's purported amendment as futile[1] because this Court's prior decisions would dispose of plaintiff's proposed new claims.

## I. This Court and the Fifth Circuit Have Already Held That The Transactions At Issue In This Case Are not Gambling Transactions.

In his proposed amendment to the Complaint, the Plaintiff argues that the credit card debt is void because the debt "was generated by illegal gambling activity prohibited by law in Alabama." Plaintiff's reply at 9. The glaring problem with Plaintiff's argument is that this Court and the Fifth Circuit have held that the transactions at issue in this case are <u>not</u> gambling transactions[2]. As this Court has held, the plaintiff used the credit card to purchase <u>credits</u>. The card itself was not used for gambling. <u>In re Mastercard International, Inc.</u>, 132 F.Supp.2d 468, 474 (E.D. La. 2001) ("The credit cards are used to purchase credits which the bettor may then use, or not use, as he

---

1    The Plaintiff does not contest that that this Court's prior decision, as affirmed by the Fifth Circuit, disposes of all claims raised in the Original Complaint.

2    The issue is in this case not, as the Plaintiff suggests, whether internet gambling is illegal. Rather, the issue is whether the credit card transaction at issue was void. Therefore, the plaintiff's lengthy discussion of states which have determined that internet gambling is illegal is wholly irrelevant.

{N1063115 1}    2

pleases.").

As the Court has made clear, the debt is not a gambling transaction. The debt was not incurred through gambling, but rather was incurred in accordance with the standard cardholder agreement signed by the Plaintiff. The Plaintiff merely purchased credits using the card and the Plaintiff did with those credits as he pleased.

There is no dispute that Alabama law provides that contracts based on gambling consideration are void:

> All contracts founded in whole or in part on a gambling consideration are void. Any person who has paid any money or delivered any thing of value lost upon any game or wager may recover such money, thing, or its value by an action commenced within six months from the time of such payment or delivery.

Ala Code 8-1-150(a). The Alabama code section, however, does not apply in this situation where this Court and the Fifth Circuit have already determined that the transaction at issue between Providian and plaintiff was not a gambling transaction.

The case cited by the Plaintiff, Kuhl v. M. Gally Universal Press Co., 26 So. 535 (Ala. 1899), does not save his claim. In Kuhl, the Alabama Supreme Court held that notes which were originally generated by the sale of gambling machines were void. However, contrary to the impression given by the Plaintiff, the relationship of the debt to gambling did not make the debt per se illegal. Instead, the Alabama Supreme Court held that it took active involvement from the creator of the note in the illegal activity to render the note illegal. Without such involvement, the note would be legal:

> The sale of an article adapted to such use is not in itself illegal, and, under the weight of authority, it may be assumed that the mere knowledge on the part of the vendor that the article will be used for gambling will not render the contract for sale invalid. If, however, the vendor goes beyond the act and purpose of making a sale, and by making it actively and purposely participates in the promotion of the illegal use, he becomes particeps ciminis, and cannot recover upon the contract of sale. . . .That such is the nature of the contract involving the original sale of the slot machines, the evidence is convincing.

Kuhl, 26 So. at 536. The Supreme Court went on to hold that the taint of the original sale also rendered the subsequent notes illegal.

Unlike in Kuhl, here there is no active involvement in the gambling by Providian. Rather, as this Court has held, the credit card company's only involvement was the Plaintiff's use of the credit card for the purchase of credits. Providian did not actively participate and, therefore, under the "weight of authority" recognized over 100 years ago by the Alabama Supreme Court, the transaction is not illegal.

Likewise, the fact that the Plaintiff used the credit card to purchase credits which he used to gamble does not render the transaction illegal. In Osborn v. Pointer, 128 So. 2d 530 (Ala. Civ. App. 1961), the Court of Civil Appeals held that "[w]here money is borrowed for gambling purposes and the lender knows that the money is to be used for such purposes, then under the doctrine of our cases, such transaction is deemed to be based on an illegal consideration, and is unenforceable." Osborn, 128 So. 2d at 531. Here, however, the Plaintiff does not allege that, when it issued the credit card to the

Plaintiff or at any time, that Providian had knowledge that the Plaintiff would use the credit card for gambling. The credit card was issued to the Plaintiff not for the sole purpose that the Plaintiff would gamble. Instead, the card was issued pursuant to a standard cardholder agreement for general purposes. Indeed, as this Court has recognized, once the credits were purchased, "the bettor may then use, or not use, [the credits] as he pleases." In re Mastercard International, Inc., 132 F.Supp.2d at 474. Even if the Plaintiff could prove that Providian "had an idea" that the Plaintiff would use the credit card or credits for gambling, that is not sufficient to void the debt. See Osborn v. Pointer, supra (holding that testimony stating that plaintiff "had an idea" defendant would be gambling was insufficient to void debt).

Because the is no illegal transaction, the transaction is not void. As such, amending the Complaint to add a state law based declaratory judgment action would be futile or, in the alternative, the Plaintiff's claims should be dismissed as a matter of law.

## II.    The Plaintiff Does Not Have Standing to Bring This Claim.

The statute which the Plaintiff claims renders the transactions illegal states that "[a]ny person who has paid any money or delivered anything of value lost upon a game or wager may recover such money, thing, or its value . . ." Ala. Code. § 8-1-150(a). While the Plaintiff shrugs off Providian's argument that he does not have standing as "laughable," the truth is that he does not fit into this category.

First, the transaction the Plaintiff had with Providian does not involve any gambling "loss". As the Fifth Circuit noted, "[b]ecause the Defendants completed their transaction with the Plaintiffs <u>before</u> any gambling occurred, that transaction cannot have involved taking custody of something bet or collecting the proceeds of a gambling device." In re Mastercard Internat'l, Inc., 313 F.3d 257, 262 (5th Cir. 2002) (emphasis in original). The exact same can be said in this case. The transaction the Plaintiff had with Providian was completed <u>before</u> any gambling took place. As such, Providian is not in possession of "any money or delivered anything of value lost upon a game or wager" as required by the statute. As such, the plaintiff has no standing.

Second, the truth is that he has not paid any of the allegedly illegal debts on his Providian card and, as such, he has nothing of value to recover. Therefore, the Plaintiff has no injury and, as explained in the Brief in Support of the Motion to Dismiss, he does not have standing.

## III. Conclusion.

There is no need for this case to continue any further. This Court has already held that the transaction at issue are not illegal. Like the Plaintiff's federal law claims, the Plaintiff's state law claims fail as a matter of law. The Motion to Amend the Complaint should be denied as futile or, in the alternative, the claims should be dismissed.

{N1063115.1}

Respectfully submitted,

*/s/ R. Patrick Vance/*

R. Patrick Vance (LA Bar 13008)
JONES WALKER WAECHTER, POITEVENT
   CARRÉRE & DENÉGRE
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
Telephone (504) 582-8194
Telefax (504) 589-8194

OF COUNSEL:

John M. Johnson
Jackson R. Sharman III
William H. Morrow
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
Telephone (205) 581-0700
Telefax (205) 581-0799

Counsel for Defendant, Providian
   National Bank

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Reply to Plaintiff's Response to Providian's Motion t Dismiss Plaintiff Mark Freeman's Complaint has been served on the below-named parties by placing a copy of same in the U. S. Mail, postage prepaid and properly addressed, this 13th day of November, 2003.

> W. Lewis Garrison, Jr.
> Garrison, Scott, Gamble & Rosenthal, P.C.
> 2224 1st Avenue North
> Post Office Box 11310
> Birmingham, Alabama 35202
>
> Barry G. Reed
> Zimmerman Reed L.L.P.
> 651 Nicollet Mall, Suite 501
> Minneapolis, Minnesota 55402

_R. Patrick James_