UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: MASTERCARD INT'L, INC.
INTERNET GAMBLING

CIVIL ACTION
NO: 00-1321 & 00-1322
SECTION: K (5)



FROM THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

EVELYN L. BROWN

vs.                                                                 CV-99-A-778-N

MASTERCARD INTERNATIONAL
AND FIDELITY FEDERAL BANK

### REPLY BRIEF OF DEFENDANT FIDELITY FEDERAL BANK'S IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED COMPLAINT OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT

Fidelity submits this Reply Brief in support of its Motion to Dismiss First Amended Complaint or Alternatively, Motion for Summary Judgment (Doc. 108) and in response to Plaintiff's Response and Opposition to that motion (Doc. 117).

I.  **STATEMENT OF JURISDICTION**

There is no dispute between the parties that this Court should exercise its discretionary power under 28 U.S.C.S. § 1367(a) to retain supplemental jurisdiction over the remnants of this matter in the interests of judicial economy and efficiency. Fidelity urges this Court to retain jurisdiction over the alleged supplemental state claim and dismiss it on the merits. See Korzen v. Locan Union 705, 75 F.3d 285 (7th Cir. 1996)

{N1042117.1}                                    -1-

(noting that when supplemental claim lacks merit, it is better to resolve on the merits rather than to remand).

II. **STATEMENT ON MERITS**

Like the "test" plaintiffs, the Plaintiff in this case (Brown) similarly sued an issuing bank (Fidelity), alleging violations of federal and state law with respect to the banks "involvement" in internet gambling. According to the Plaintiff, she voluntarily placed bets by activating an internet gambling website called Easybets. (Complaint, ¶ 23). She disclosed her MasterCard number, issued by Fidelity, "authorized bets" on that number, and "placed wagers" on major league baseball games in the amount of $24. (Id.) She then paid for the $24 transaction on her Fidelity Mastercard account. (Id.)

It is undisputed that Plaintiff Brown's RICO allegations have been dismissed and she pled only two other counts against Fidelity in her First Amended Complaint. The two remaining counts are declaratory judgment actions, one under federal law and another under state law, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. 2201. However, Plaintiff appears to concede by not addressing the federal declaratory judgment count.[1] Accordingly, Fidelity addresses only the merits of plaintiff's state law declaratory judgment count in this Reply.

The law of the case doctrine precludes Plaintiff's state declaratory judgment count. "Under the law of the case doctrine, an issue of fact or law decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal." St. Paul Mercury Ins. Co. v. Williamson, 332 F.2d 304, 309 (5th

---

[1] In its prior opinion, "this Court has decided that the act of making those credits available is not a violation of [federal] law, [thus] the debts are legal and enforceable."

Cir. 2003). Plaintiff incredulously argues in her Opposition that this Court has not already ruled regarding this claim, in spite of the plain law of this case. (Doc 117, at 4).

> The relevant credit card transactions occurred prior to any gambling and thus there is no possibility that plaintiffs can prevail on their claim that the defendants violated state law by gambling over the Internet.

In re Mastercard III, 2003 U.S. Dist. LEXIS 13534, at *18.

Moreover, this Court has recently declined to allow other similar plaintiffs to amend their complaints to add a declaratory relief claim under state law on the basis that such amendment would be futile under the previous language of the Court. (Doc. 72, at 11). Though the Brown-plaintiff's complaint already contained a claim for declaratory relief under state laws, this claim is due to be dismissed under the Court's previous declaration quoted above.

Plaintiff has made no effort to distinguish her case from the other test cases presented to this Court. She has opted instead to argue that the Court discussed only New Hampshire and Kansas laws in its prior opinion and did not mention Alabama law. Plaintiff argues that Fidelity has undertaken efforts to collect gambling debts that are unenforceable, illegal, and void gambling debts under Alabama's statute § 8-1-150.

The Plaintiff fails to realize that Alabama Code § 8-1-150(a)[2] does not apply to Fidelity. First, Fidelity did not enter into a contract, either in whole or part, with the Plaintiff for gambling that could be subject to invalidation. Plaintiff's complaint and subsequent arguments mistakenly assume the existence of a gambling contract. This Court, and the Fifth Circuit has affirmed, that the transactions in question involved the

---

[2] All contracts founded in whole or in part on a gambling consideration are void. Any person who has paid any money or delivered anything of value lost upon any game or wager may recover such money, thing, or its value by an action commenced within six months from the time of such payment or delivery. Alabama Code § 8-1-150(a) (1975).

purchase of chips or credits, prior to the occurrence of any gambling activity. The declaratory judgment is based on a false premise that cannot be proven and is untenable regardless of which state's gambling law applies.

Second, section 8-1-150 of the Alabama Code is of no avail unless the lender knew that the credit advanced was being used for wagering. Osborn v. Pointer, 128 So.2d 530 (Ala. App. 1961). Plaintiff erroneously asserts that it "makes no difference whatsoever if Fidelity had knowledge of the transaction or not." (Doc. 117, at 5). Alabama courts actually hold that knowledge of gambling is essential in determining whether a transaction is enforceable.

> Where money is borrowed for gambling purposes [by a plaintiff] and the lender [such as Fidelity] knows that the money is to be used for such purposes, then under the doctrine of our cases, such transaction is deemed to be based upon an illegal consideration, and is unenforcible [sic].

Osborn v. Pointer, 128 So.2d 530 (Ala. Ct. App. 1961). As established in Fidelity's previous motion, Fidelity did not know, and had no reason to know, that Brown's illicit and voluntarily purchase of credits from "Easybets" was used for gambling.

Finally, the Kuhl case cited by the Plaintiff actually supports Fidelity's argument. Fidelity must have gone beyond merely issuing a line of credit to the plaintiff to gamble, but must have <u>actively and purposely</u> participated in promoting the gambling. The Alabama Supreme Court held:

> [M]ere knowledge on the part of the vendor that the article will probably be used for gambling will not render the contract of sale invalid. If, however, the vendor goes beyond the act and purpose of making a sale, and by making it actively and purposely participates in the promotion of the illegal use, he becomes *particeps criminis* and cannot recover upon the contract of sale.

Kuhl v. M. Gally Univ. Press Co., 26 So. 535, 536 (Ala. 1898). Plaintiff has not shown an active and purposeful participation by Fidelity in promoting gambling such that it should be prevented from recovering a valid and enforceable debt. Since there "is no possibility that plaintiffs can prevail on their claim that the defendants violated state law," the Court may dismiss that remaining declaratory judgment action.

## CONCLUSION

For the foregoing reasons, Fidelity moves the Court to dismiss each and every claim made in the plaintiff's First Amended Class Action Complaint with prejudice, and award the defendants such other further relief as the Court deems just and proper as there are no justiciable claims surviving the orders entered and there are no material disputes of fact or law related or pertaining to the claims in this case.

Respectfully submitted,

R. PATRICK VANCE (LA Bar 13008)
Jones, Walker, Waechter, Poitevent,
   Carrère & Denègre L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
Telephone (504) 582-8194
Telefax (504) 589-8194

ROGER L. BATES
TRACY R. DAVIS
Hand Arendall, L.L.C.
1200 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
Telephone (205) 324-4400
**Attorneys for Fidelity Federal Bank**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Reply in support of the Motion of Fidelity Federal Bank to Dismiss First Amended Complaint Or Alternatively, Motion for Summary Judgment, has been served by United States Mail, properly addressed and postage affixed, this the 13th day of November, 2003, upon all counsel of record, to-wit:

W. Lewis Garrison, Jr., Esq.
Kathryn H. Sumrall, Esq.
Honza J. Prchal, Esq.
Garrison and Sumrall, P.C.
2117 Magnolia Avenue South
Birmingham, Alabama 35205

Zimmerman Reed, P.L.L.P.
901 North Third Street
Minneapolis, Minnesota 55401

*R. Patrick Vance*