FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 FEB 12  PM 1:06

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: MASTERCARD INTERNATIONAL, INC.<br>INTERNET GAMBLING LITIGATION | CIVIL ACTION<br>NO. 00-MD-1321<br>00-MD-1322<br><br>SECTION "K" (5) |

*************************************************************************

| | |
|---|---|
| MARK D. EISELE | CIVIL ACTION |
| v. | NO. 00-1169 |
| VISA INTERNATIONAL SERVICE ASSOC.<br>& PENTAGON FEDERAL CREDIT UNION, ET AL. | |

and

| | |
|---|---|
| MARK D. EISELE | CIVIL ACTION |
| v. | NO. 00-0661 |
| MASTERCARD INTERNATIONAL, INC.<br>& PENTAGON FEDERAL CREDIT UNION, ET AL. | |

### ORDER & REASONS

Before this Court is defendant Pentagon Federal Credit Union's Motion to Dismiss (Rec.

1



Doc. No. 107). Having reviewed the pleadings, memoranda, and relevant law, the Court **GRANTS** the motion and **DISMISSES** plaintiff's remaining claims.

## I. BACKGROUND

This multidistrict litigation arises from allegations that MasterCard International, Visa International and several banks that issue MasterCard and Visa credit cards have interacted with a number of Internet casinos in a manner that violates laws of the United States and various states. Numerous putative class actions were filed in district courts around the country and were transferred to the Eastern District of Louisiana by order of the Judicial Panel on Multidistrict Litigation on March 1, 2000. In the lawsuit, plaintiffs attempt to use the Racketeer Influenced and Corrupt Organizations Act ("RICO") to avoid debts they incurred when they used their credit cards to purchase credits, or "chips," with which they gambled at on-line casinos and to recover injuries they allegedly sustained by reason of the RICO violations of the defendants.

This Court ordered the plaintiffs in two "test" cases to file, respond, and reply to motions pursuant to Federal Rule of Civil Procedure 12 and Federal Rule of Civil Procedure 19 with respect to the federal claims only. The Court granted the 12(b)(6) motion brought by the defendants on February 23, 2001. A copy of the opinion detailing the disposition of the case can be found at *In re Mastercard International Inc., Internet Gambling Litigation,* 132 F.Supp. 468 (E.D. La. 2001). Plaintiffs appealed and the Fifth Circuit affirmed the Court's decision. *In re MasterCard International, Inc. Internet Gambling Litigation,* 313 F.3d 257 (5th Cir. 2002). In short, this Court concluded and the Fifth Circuit affirmed that plaintiffs did not allege facts showing a pattern of racketeering activity or the collection of an unlawful debt; a RICO

enterprise; or participation in the management of the enterprise. *Internet Gambling Litigation*, 313 F.3d at 261.

On May 27, 2003 plaintiffs filed a Motion for Leave to Amend Complaint. The Court denied that motion on July 30, 2003. The Court's ruling on the proposed amendment is available at *In re Mastercard International, Internet Gambling Litigation*, 2003 WL 27183301, 2003 U.S. Dist. Lexis 13534 (E.D.La. 2003). On September 4, 2003, Judgment was entered pursuant to Federal Rule of Civil Procedure 54(b) dismissing plaintiffs' RICO claims and denying plaintiffs' motion to amend.

Plaintiff Eisele has filed two actions against defendant Pentagon Federal Credit Union: 00-1169 and 00-0661. On September 29, 2003, defendants filed the instant Motion to Dismiss pertaining to both cases. The Court heard the motion on December 3, 2003.

## II.   DISCUSSION

*A.   Jurisdiction*

Federal subject matter jurisdiction may be based on federal question jurisdiction, 28 U.S.C. § 1331, or diversity jurisdiction, 28 U.S.C. § 1332. Where a district court has original jurisdiction over a cause of action, that court has discretion to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all other claims so related to the action that they form the same case or controversy. Supplemental jurisdiction may continue "even after the federal claims upon which jurisdiction is based have been dismissed or rendered moot." *Baker v. Farmers Electric Cooperative, Inc.*, 34 F. 3d 274, 283 (5th Cir. 1994). A district Court has broad discretion in deciding whether to retain jurisdiction. *Newport Ltd. v. Sears, Roebuck & Co.*, 941

F. 2d 302, 307 (5th Cir. 1991). Where a plaintiff's state law claims lack merit, a district court may retain jurisdiction to dismiss those claims on the merits. *Korzen v. Local Union 705*, 75 F. 3d 285 (7th Cir. 1996).

In the instant matter, this Court has dismissed plaintiffs' basis for federal question jurisdiction, the RICO claims, in an Order and Reasons signed February 23, 2001 (Rec. Doc. No 35). The Declaratory Judgment Act, 28 U.S.C. § 2201, does not provide an independent basis for jurisdiction. *TTEA v. Ysleta Del Sur Pueblo*, 181 F. 3d 676, 681 (5th Cir. 1999) ("[T]he declaratory judgment statute offers no independent ground for jurisdiction. Rather, it permits the award of declaratory relief only when other bases for jurisdiction are present."); *Commercial Metals Co. v. Balfour Guthrie, and Co.*, 577 F. 2d 264, 269 (5th Cir. 1978) ("The Declaratory Judgment Act, furthermore, was not intended to be used as a contrivance to create jurisdiction which does not otherwise exist.") Consequently, no remaining basis for federal question subject matter jurisdiction exists here.

Defendants also claim that plaintiff cannot satisfy the requirement for diversity jurisdiction under 28 U.S.C. § 1332, which requires that the amount in controversy "exceed the sum or value of $75,000, exclusive or interest and costs." 28 U.S.C. § 1332(a)(1). *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F. 3d 720, 723 (5th Cir. 2002). Defendant insists that plaintiff's claims for less than $7,500 are far below the jurisdictional threshold amount and therefore fail to satisfy the *Manguno* test. Under *Manguno*, the jurisdictional amount is satisfied if "(1) its is apparent from the face of the petition that the claims are likely to exceed $75,000, or alternatively, (2) the [plaintiff] sets forth 'summary judgment type' evidence of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F. 3d at 723.

4

The Court notes, however, that diversity jurisdiction may apply to this putative class action under federal multidistrict litigation ("MDL") standards and Fifth Circuit jurisprudence. The Judicial Panel on Mulitidistrict Litigation transferred this case pursuant to 28 U.S.C. § 1407. In MDL cases where a federal court applies state law, such as this one, the transferee court is generally bound to apply the law the transferor court would follow. Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction*, 2d § 3866 at 610; *see Jayne v. Royal Jordanian Airlines Corp.*, 502 F. Supp. 848, (D.C.N.Y. 1980). However, "in cases involving federal questions, the transferee court follows the law of its own circuit." Wright, Miller & Cooper, § 3866 at supp. 209; *see In re Temporomandibular (TMJ) Implants Products Liability Litigation*, 97 F. 3d 1050 (8th Cir. 1996); *Menowitz v. Brown*, 991 F. 2d 36 (2nd Cir. 1993); *In re Tobacco/Governmental Health Care Costs Litigation*, 100 F. Supp. 2d. 31 (D.C.D.C. 2000). Subject matter jurisdiction, including the element of amount in controversy, is just such a federal question. Jurisdiction is "arguably the area where the need for uniformity in federal law is most compelling." *In re StarLink Corn Products Liability Litigation*, 211 F. Supp. 2d 1060, 1063-64 (D.C. Ill. 2002). The diversity jurisdiction law of the transferee court should be applied because "applying the law of the transferor circuit could yield a situation where we would find federal jurisdiction exists over claims from some parts of the country, but not from others. This is an untenable result." *Id.*

Defendant concludes that plaintiffs' claims cannot be aggregated. However, defendant's brief neglected to account for the possibility of attorneys' fees attributable to plaintiff. *In re Abbott Laboratories*, 51 F. 3d 524 (5th Cir. 1995) held that, in Louisiana class actions, all attorneys' fees assessable against the defendant pursuant to a specific statute imposing attorneys

fees are attributable exclusively and entirely to class representatives, such as plaintiff, for the establishment of jurisdictional amount. *Id.* at 526. *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F. 3d 864 (5th Cir. 2002), expanded upon *Abbott* by holding that attorneys' fees are nevertheless allowable to class representatives and attributable to the class representatives for purposes of amount in controversy calculations, even in the absence of a specific statute granting attorneys' fees. *Id.* at 876.

In the instant matter, plaintiff is a class representative in a putative class action. Applying 28 U.S.C. § 1332 and the Fifth Circuit's amount in controversy jurisdictional standards to his case, plaintiff Thompson could aggregate the attorneys' fees for purposes of establishing the jurisdictional amount of $75,000. Thus, this Court declines to hold that diversity jurisdiction is lacking here.

Alternatively, as there is no remaining federal question jurisdiction and questionable diversity jurisdiction in the matter at bar, this Court shall apply its broad discretion to the decision of whether to exercise 28 U.S.C. § 1367 supplemental jurisdiction to decide plaintiff's remaining state law claims. Having presided over this matter for more than three years, having studied the pleadings, memoranda, and relevant law, and having considered the facts, the judicial economy, fairness to litigants, and comity with state courts, this Court shall exercise supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367 and address the merits of plaintiff's state law claims. *See Newport*, 941 F. 2d 302; *Korzen*, 75 F. 3d 285.

B.   *Rule 12(b)(6)*

Counts I and II of plaintiff's Complaint seek (1) declaratory judgment that plaintiff's debt

6

owed to defendants is illegal and "void and/or voidable," (2) cancellation of such debts, (3) return of funds plaintiff has paid defendants. These counts are virtually identical to the declaratory judgment count in plaintiffs' proposed amended complaint, which the Court rejected on July 30, 2003. The rejected proposed complaint and Counts I and II of plaintiffs' Complaint seek the same relief, and should therefore be addressed consistently. In denying plaintiffs' motion to amend complaint, this Court held, "[t]his allegation ignores the express language of this Court that the relevant credit card transactions occurred prior to any gambling" *In re Mastercard III*, 2003 WL 27183301 at *6, 2003 U.S. Dist. Lexis 13534 at *18. Given the Court's unequivocal language and the applicability of that ruling's analysis to Complaint Counts I and II, plaintiff's remaining declaratory judgment claims should be dismissed.

This Court has previously determined, and the Fifth Circuit has affirmed, that the transactions at issue consist of two separate events: (1) plaintiff's transaction with the credit card company, which ended upon the receipt of credit and (2) plaintiff's subsequent online gambling. *In re Mastercard I*, 132 F. Supp. At 479, *aff'd*, *In re Mastercard II*, 313 F. 3d at 262; *In re Mastercard III*, 2003 WL 21783301 at *6. Indeed, in dismissing plaintiff's RICO claims, this Court stated, "It is a temporal impossibility for the defendants to have completed their transaction with the plaintiff before he gambled and to and then to be prosecuted for collecting the proceeds of a gambling device, which can only take place after some form of gambling is completed." *In re Mastercard I*, 132 F. Supp at 479, *aff'd*, *In re Mastercard II*, 313 F. 3d at 262. In denying plaintiffs' motion to amend their complaints, this Court repeated that "there is no possibility that plaintiffs can prevail on their claim that defendants violated state law by gambling over the Internet." *In re Mastercard III*, 2003 WL 27183301 at *6, 2003 U.S. Dist. Lexis 13534 at *18.

In light of this Court's and the Fifth Circuit's previous holdings, plaintiff's state law claims

must fail regardless of which state's law applies. Plaintiffs' Complaint alleges violations of North Carolina and Virginia statutes. *See* N.C. Gen. Stat. § 16-1; Va. Code Ann. § 11-14. Those statutes prohibit gambling proceed transactions. Plaintiff's instant claims fail under the laws of both states because this case does not involve gambling debt or gaming contracts. Accordingly,

**IT IS ORDERED** that defendant Pentagon Federal Credit Union's Motion to Dismiss (Rec. Doc. No. 107) is hereby **GRANTED** and plaintiffs' remaining claims in Civil Action Nos. 00-1169 and 00-0661 are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 11th day of February, 2004.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE