

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 FEB 12  PM 1:06

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: MASTERCARD INTERNATIONAL, INC.      CIVIL ACTION
INTERNET GAMBLING LITIGATION

NO. 00-MD-1321
00-MD-1322

SECTION "K" (5)

*****************************************************************************

MARK FREEMAN     CIVIL ACTION

v.     NO. 00-0662

VISA INTERNATIONAL SERVICE ASSOC.
& PROVIDIAN NATIONAL BANK

### ORDER & REASONS

Before this Court is defendant Providian National Bank's Motion to Dismiss (Rec. Doc. No. 109). Having reviewed the pleadings, memoranda, and relevant law, the Court **GRANTS** defendant's motion, **DENIES** plaintiff's Motion to Amend, and **DISMISSES** plaintiff's claims.

#### I.  BACKGROUND

This multidistrict litigation arises from allegations that MasterCard International, Visa

1

DATE OF ENTRY
FEB 1 2 2004

___ Fee___
___ Process___
 X  Dktd___
_✓_ CtRmDep___
___ Doc. No. 133

International and several banks that issue MasterCard and Visa credit cards have interacted with a number of Internet casinos in a manner that violates laws of the United States and various states. Numerous putative class actions were filed in district courts around the country and were transferred to the Eastern District of Louisiana by order of the Judicial Panel on Multidistrict Litigation on March 1, 2000. In the lawsuit, plaintiffs attempt to use the Racketeer Influenced and Corrupt Organizations Act ("RICO") to avoid debts they incurred when they used their credit cards to purchase credits, or "chips," with which they gambled at on-line casinos and to recover injuries they allegedly sustained by reason of the RICO violations of the defendants.

This Court ordered the plaintiffs in two "test" cases to file, respond, and reply to motions pursuant to Federal Rule of Civil Procedure 12 and Federal Rule of Civil Procedure 19 with respect to the federal claims only. The Court granted the 12(b)(6) motion brought by the defendants on February 23, 2001. A copy of the opinion detailing the disposition of the case can be found at *In re Mastercard International Inc., Internet Gambling Litigation*, 132 F.Supp. 468 (E.D. La. 2001). Plaintiffs appealed and the Fifth Circuit affirmed the Court's decision. *In re MasterCard International, Inc. Internet Gambling Litigation*, 313 F.3d 257 (5th Cir. 2002). In short, this Court concluded and the Fifth Circuit affirmed that plaintiffs did not allege facts showing a pattern of racketeering activity or the collection of an unlawful debt; a RICO enterprise; or participation in the management of the enterprise. *Internet Gambling Litigation*, 313 F.3d at 261.

In June of 1999, plaintiff Freeman filed a Motion to Amend Complaint in the Middle District of Alabama. That Court did not rule on the motion. On May 27, 2003 plaintiffs filed a Motion for Leave to Amend Complaint. The Court denied that motion on July 30, 2003. The

Court's ruling on the proposed amendment is available at *In re Mastercard International, Internet Gambling Litigation*, 2003 WL 27183301, 2003 U.S. Dist. Lexis 13534 (E.D.La. 2003). On September 4, 2003, Judgment was entered pursuant to Federal Rule of Civil Procedure 54(b) dismissing plaintiffs' RICO claims and denying plaintiffs' motion to amend. The amendments proposed in the 2003 motion to amend complaint were substantially similar to those set forth in the 1999 motion to amend.

On September 29, 2003, defendants filed the instant Motion to Dismiss pertaining to plaintiff's 1999 Motion to Amend Complaint filed in the Middle District of Alabama. This Court heard defendant's motion on December 3, 2003.

## II.   DISCUSSION

*A.   Jurisdiction*

Federal subject matter jurisdiction may be based on federal question jurisdiction, 28 U.S.C. § 1331, or diversity jurisdiction, 28 U.S.C. § 1332. Where a district court has original jurisdiction over a cause of action, that court has discretion to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all other claims so related to the action that they form the same case or controversy. Supplemental jurisdiction may continue "even after the federal claims upon which jurisdiction is based have been dismissed or rendered moot." *Baker v. Farmers Electric Cooperative, Inc.*, 34 F. 3d 274, 283 (5th Cir. 1994). A district Court has broad discretion in deciding whether to retain jurisdiction. *Newport Ltd. v. Sears, Roebuck & Co.*, 941 F. 2d 302, 307 (5th Cir. 1991). Where a plaintiff's state law claims lack merit, a district court may retain jurisdiction to dismiss those claims on the merits. *Korzen v. Local Union 705*, 75 F.

3d 285 (7th Cir. 1996).

In the instant matter, this Court has dismissed plaintiffs' basis for federal question jurisdiction, the RICO claims, in an Order and Reasons signed February 23, 2001 (Rec. Doc. No. 35). The Declaratory Judgment Act, 28 U.S.C. § 2201, does not provide an independent basis for jurisdiction. *TTEA v. Ysleta Del Sur Pueblo*, 181 F. 3d 676, 681 (5th Cir. 1999) ("[T]he declaratory judgment statute offers no independent ground for jurisdiction. Rather, it permits the award of declaratory relief only when other bases for jurisdiction are present."); *Commercial Metals Co. v. Balfour Guthrie, and Co.*, 577 F. 2d 264, 269 (5th Cir. 1978) ("The Declaratory Judgment Act, furthermore, was not intended to be used as a contrivance to create jurisdiction which does not otherwise exist.") Consequently, no remaining basis for federal question subject matter jurisdiction exists here.

Diversity Jurisdiction was not plead in this matter despite the fact that plaintiff Freeman is a resident of Alabama and defendant Providian National Bank's principal place of business is in California. Presumably, plaintiff assumed he could not satisfy the requirement for diversity jurisdiction under 28 U.S.C. § 1332, which requires that the amount in controversy "exceed the sum or value of $75,000, exclusive or interest and costs." 28 U.S.C. § 1332(a)(1). *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F. 3d 720, 723 (5th Cir. 2002). Instead, plaintiff urges the Court to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a). Under *Manguno*, the jurisdictional amount is satisfied if "(1) its is apparent from the face of the petition that the claims are likely to exceed $75,000, or alternatively, (2) the [plaintiff] sets forth 'summary judgment type' evidence of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F. 3d at 723.

The Court notes, however, that diversity jurisdiction may apply to this putative class action under federal multidistrict litigation ("MDL") standards and Fifth Circuit jurisprudence. The Judicial Panel on Mulitidistrict Litigation transferred this case pursuant to 28 U.S.C. § 1407. In MDL cases where a federal court applies state law, such as this one, the transferee court is generally bound to apply the law the transferor court would follow. Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction*, 2d § 3866 at 610; *see Jayne v. Royal Jordanian Airlines Corp.*, 502 F. Supp. 848, (D.C.N.Y. 1980). However, "in cases involving federal questions, the transferee court follows the law of its own circuit." Wright, Miller & Cooper, § 3866 at supp. 209; *see In re Temporomandibular (TMJ) Implants Products Liability Litigation*, 97 F. 3d 1050 (8th Cir. 1996); *Menowitz v. Brown*, 991 F. 2d 36 (2nd Cir. 1993); *In re Tobacco/Governmental Health Care Costs Litigation*, 100 F. Supp. 2d. 31 (D.C.D.C. 2000). Subject matter jurisdiction, including the element of amount in controversy, is just such a federal question. Jurisdiction is "arguably the area where the need for uniformity in federal law is most compelling." *In re StarLink Corn Products Liability Litigation*, 211 F. Supp. 2d 1060, 1063-64 (D.C. Ill. 2002). The diversity jurisdiction law of the transferee court should be applied because "applying the law of the transferor circuit could yield a situation where we would find federal jurisdiction exists over claims from some parts of the country, but not from others. This is an untenable result." *Id.*

The instant parties may have concluded, as did related defendant Wachovia Bank in a similar motion, that plaintiffs' claims cannot be aggregated under *In re Abbott Laboratories*, 51 F. 3d 524 (5th Cir. 1995). However, the attorneys' fees potentially attributable to plaintiff make diversity jurisdiction a possibility here. *Abbott* held that, in Louisiana class actions, all attorneys'

fees assessable against the defendant pursuant to a specific statute imposing attorneys fees are attributable exclusively and entirely to class representatives, such as plaintiff, for the establishment of jurisdictional amount. *Id.* at 526. *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F. 3d 864 (5th Cir. 2002), expanded upon *Abbott* by holding that attorneys' fees are nevertheless allowable to class representatives and attributable to the class representatives for purposes of amount in controversy calculations, even in the absence of a specific statute granting attorneys' fees. *Id.* at 876.

In the instant matter plaintiff Freeman is a class representative in a putative class action against a resident of a different state. Applying 28 U.S.C. § 1332 and the Fifth Circuit's amount in controversy jurisdictional standards to his case, Freeman could aggregate attorneys' fees for purposes of establishing the jurisdictional amount of $75,000. Thus, this Court declines to hold that diversity jurisdiction is lacking here.

Alternatively, as there is no remaining federal question jurisdiction and questionable diversity jurisdiction in the matter at bar, this Court shall apply its broad discretion to the decision of whether to exercise 28 U.S.C. § 1367 supplemental jurisdiction to decide plaintiff's remaining state law claims. Having presided over this matter for more than three years, having studied the pleadings, memoranda, and relevant law, and having considered the facts, the judicial economy, fairness to litigants, and comity with state courts, this Court shall exercise supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367 and address the merits of plaintiff's state law claims. *See Newport*, 941 F. 2d 302; *Korzen*, 75 F. 3d 285.

B.  *Motion to Amend*

A trial court is required to "freely" give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a). *Meyer v. Foti,* 720 F.Supp. 1234, 1239 (E.D. La. 1989). Among the acceptable justifications for denying leave to amend are undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior amendment, undue prejudice to the opposing party, and the futility of the amendment. *Jamieson v. Shaw,* 772 F.2d 1205, 1209-11 (5th Cir. 1985). When a party advances the argument that amendment is futile, courts usually deny leave on the ground that the theory presented in the amendment lacks legal foundation or because the theory has been adequately presented in a prior version of the complaint. *Jamieson,* 772 F.2d at 1209; *Meyer,* 720 F. Supp. at 1239.

The suggestion that an amendment is futile requires the court to analyze the sufficiency of the complaint. *CNG Producing Co. v. Indeck Gas Supply Corp.*, No. 93-0378, 1993 WL 455650, * 1 (E.D. La. 11/4/93). In analyzing the sufficiency of the complaint, the court must accept the allegations in the complaint as true, viewing them in the light most favorable to the plaintiff; and the complaint must stand unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle them to relief. *CNG Producing,* 1993 WL 455650 at *1. Leave to amend should be denied for futility if the proposed amendment is clearly insufficient on its face. *Id.*

Defendants argue that in this case, the amendments are futile because the amendments reassert legal conclusions that this Court and the Fifth Circuit have already rejected. Pursuant to "the law of the case" theory, a rule of law previously decided should continue to govern the same issues in subsequent stages of the same case. *Arizona v. California,* 460 U.S. 605 (1983). With this legal premise and the sufficiency of the complaint standard in mind, the Court will analyze plaintiffs' additional theories of recovery. If the Court finds that the amendments are futile

7

because plaintiffs merely reassert claims or legal theories that this Court has already dismissed, then the motion for leave shall be denied.

Plaintiff's proposed amended complaint seeks (1) declaratory judgment that plaintiff's debt owed to defendants is void and unenforceable under Alabama law (2) cancellation of such debts, and (3) return of funds plaintiff has paid defendants. These counts are virtually identical to the declaratory judgment counts in the proposed amended complaint the Court rejected on July 30, 2003 (Rec. Doc. No. 72). Indeed, the Court notes that, in addition to said Order and Reasons, a subsequent Order of dismissal (Rec Doc. No. 78) and the related Rule 54 Judgment denying leave to amend (Rec. Doc. No. 99) each applied specifically to the case at hand. The instant proposed amendments seek the same relief, and should therefore be addressed consistently. In denying plaintiffs' motion to amend complaint, this Court held, "[t]his allegation ignores the express language of this Court that the relevant credit card transactions occurred prior to any gambling" *In re Mastercard III*, 2003 WL 27183301 at *6, 2003 U.S. Dist. Lexis 13534 at *18. Given the Court's unequivocal language and the applicability of that ruling's analysis to Complaint Counts I and II, plaintiffs' remaining declaratory judgment claims should be dismissed.

This Court has previously determined, and the Fifth Circuit has affirmed, that the transactions at issue consist of two separate events: (1) plaintiff's transaction with the credit card company, which ended upon the receipt of credit and (2) plaintiff's subsequent online gambling. *In re Mastercard I*, 132 F. Supp. At 479, *aff'd*, *In re Mastercard II*, 313 F. 3d at 262; *In re Mastercard III*, 2003 WL 21783301 at *6. Indeed, in dismissing plaintiff's RICO claims, this Court stated, "It is a temporal impossibility for the defendants to have completed their transaction with the plaintiff before he gambled and to and then to be prosecuted for collecting the proceeds

8

of a gambling device, which can only take place after some form of gambling is completed." *In re Mastercard I*, 132 F. Supp at 479, *aff'd*, *In re Mastercard II*, 313 F. 3d at 262. In denying plaintiffs' motion to amend their complaints, this Court repeated that "there is no possibility that plaintiffs can prevail on their claim that defendants violated state law by gambling over the Internet." *In re Mastercard III*, 2003 WL 27183301 at *6, 2003 U.S. Dist. Lexis 13534 at *18.

In light of this Court's and the Fifth Circuit's previous holdings, plaintiffs' state law claims must fail. Plaintiffs' Complaint alleges violations of Alabama law. *See* Ala. Code § 8-1-150. That statute prohibits gambling contracts. Plaintiffs' instant claims fail because this case does not involve gambling debt or gaming contracts. Accordingly,

**IT IS ORDERED** that defendant Providian National Bank's Motion to Dismiss (Rec. Doc. No. 109) is hereby **GRANTED** and plaintiff's Motion to Amend Complaint is hereby **DENIED**. Also, as plaintiff's remaining claims having been previously dismissed, plaintiff's claims in their entirety are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 11th day of February, 2004.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE