FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 FEB 12  PM 1:06

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: MASTERCARD INTERNATIONAL, INC. INTERNET GAMBLING LITIGATION | CIVIL ACTION<br>NO. 00-MD-1321<br>00-MD-1322<br><br>SECTION "K" (5) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| DANIEL SILVERLIEB<br><br>v.<br><br>MASTERCARD INTERNATIONAL, INC.<br>& PEOPLE'S BANK CORPORATION | CIVIL ACTION<br><br>NO. 00-1990 |

and

| | |
|---|---|
| DANIEL SILVERLIEB<br><br>v.<br><br>VISA INTERNATIONAL SERVICE ASSOC.<br>& PEOPLE'S BANK CORPORATION | CIVIL ACTION<br><br>NO. 00-1995 |

### ORDER & REASONS

Before this Court are defendant People's Bank Corporation's consolidated motions to

1

DATE OF ENTRY
FEB 1 2 2004

__ Fee____
__ Process__
X  Dktd____
__ CtRmDep__
__ Doc. No. 135

dismiss under Rule 12, for summary judgment under Rule 56, and, in the alternative, for transfer (Rec. Doc. No. 110). Having reviewed the pleadings, memoranda, and relevant law, the Court **GRANTS** the motion to dismiss and **DISMISSES** plaintiff's remaining claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I. BACKGROUND

This multidistrict litigation arises from allegations that MasterCard International, Visa International and several banks that issue MasterCard and Visa credit cards have interacted with a number of Internet casinos in a manner that violates laws of the United States and various states. Numerous putative class actions were filed in district courts around the country and were transferred to the Eastern District of Louisiana by order of the Judicial Panel on Multidistrict Litigation on March 1, 2000. In the lawsuit, plaintiffs attempt to use the Racketeer Influenced and Corrupt Organizations Act ("RICO") to avoid debts they incurred when they used their credit cards to purchase credits, or "chips," with which they gambled at on-line casinos and to recover injuries they allegedly sustained by reason of the RICO violations of the defendants.

This Court ordered the plaintiffs in two "test" cases to file, respond, and reply to motions pursuant to Federal Rule of Civil Procedure 12 and Federal Rule of Civil Procedure 19 with respect to the federal claims only. The Court granted the 12(b)(6) motion brought by the defendants on February 23, 2001. A copy of the opinion detailing the disposition of the case can be found at *In re Mastercard International Inc., Internet Gambling Litigation,* 132 F.Supp. 468 (E.D. La. 2001). Plaintiffs appealed and the Fifth Circuit affirmed the Court's decision. *In re MasterCard International, Inc. Internet Gambling Litigation,* 313 F.3d 257 (5th Cir. 2002). In

short, this Court concluded and the Fifth Circuit affirmed that plaintiffs did not allege facts showing a pattern of racketeering activity or the collection of an unlawful debt; a RICO enterprise; or participation in the management of the enterprise. *Internet Gambling Litigation,* 313 F.3d at 261.

On May 27, 2003 plaintiffs filed a Motion for Leave to Amend Complaint. The Court denied that motion on July 30, 2003. The Court's ruling on the proposed amendment is available at *In re Mastercard International, Internet Gambling Litigation,* 2003 WL 27183301, 2003 U.S. Dist. Lexis 13534 (E.D.La. 2003). On September 4, 2003, Judgment was entered pursuant to Federal Rule of Civil Procedure 54(b) dismissing plaintiffs' RICO claims and denying plaintiffs' motion to amend.

Daniel Silverlieb has commenced two related actions against People's Bank Corporation: 00-MD-1990 and 00-MD-1995. On September 29, 2003, defendants filed the instant consolidated motions pertaining to both cases. The Court heard these motions on December 3, 2003.

## II.   DISCUSSION

*A.   Jurisdiction*

Federal subject matter jurisdiction may be based on federal question jurisdiction, 28 U.S.C. § 1331, or diversity jurisdiction, 28 U.S.C. § 1332. Where a district court has original jurisdiction over a cause of action, that court has discretion to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all other claims so related to the action that they form the same case or controversy. Supplemental jurisdiction may continue "even after the federal

claims upon which jurisdiction is based have been dismissed or rendered moot." *Baker v. Farmers Electric Cooperative, Inc.*, 34 F. 3d 274, 283 (5th Cir. 1994). A district Court has broad discretion in deciding whether to retain jurisdiction. *Newport Ltd. v. Sears, Roebuck & Co.*, 941 F. 2d 302, 307 (5th Cir. 1991). Where a plaintiff's state law claims lack merit, a district court may retain jurisdiction to dismiss those claims on the merits. *Korzen v. Local Union 705*, 75 F. 3d 285 (7th Cir. 1996).

In the instant matter, this Court has dismissed plaintiff's basis for federal question jurisdiction, the RICO claims, in an Order and Reasons signed February 23, 2001 (Rec. Doc. No. 35). The Declaratory Judgment Act, 28 U.S.C. § 2201, does not provide an independent basis for jurisdiction. *TTEA v. Ysleta Del Sur Pueblo*, 181 F. 3d 676, 681 (5th Cir. 1999) ("[T]he declaratory judgment statute offers no independent ground for jurisdiction. Rather, it permits the award of declaratory relief only when other bases for jurisdiction are present."); *Commercial Metals Co. v. Balfour Guthrie, and Co.*, 577 F. 2d 264, 269 (5th Cir. 1978) ("The Declaratory Judgment Act, furthermore, was not intended to be used as a contrivance to create jurisdiction which does not otherwise exist.") Consequently, no remaining basis for federal question subject matter jurisdiction exists here.

Furthermore, no 28 U.S.C. § 1332 diversity jurisdiction has been plead in this case. Plaintiff Silverlieb and defendant People's Bank Corporation are both residents of Connecticut. That leaves the Court with only 28 U.S.C. § 1367 to consider as a jurisdictional basis.

Although there is no remaining federal question jurisdiction and no diversity jurisdiction in the matter at bar, this Court shall apply its broad discretion to the decision of whether to exercise 28 U.S.C. § 1367 supplemental jurisdiction to decide plaintiff's remaining state law

4

claims. Having presided over this matter for more than three years, having studied the pleadings, memoranda, and relevant law, and having considered the facts, the judicial economy, fairness to litigants, and comity with state courts, this Court shall exercise supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367 and address the merits of plaintiff's state law claims. *See Newport*, 941 F. 2d 302; *Korzen*, 75 F. 3d 285.

B.   *Rule 12(b)(6)*

Plaintiff's only remaining claim in each case is Complaint Count II, which seeks declaratory judgment that the contracts in question are illegal and unenforceable. This count is virtually identical to the declaratory judgment count in plaintiffs' proposed amended complaint, which the Court rejected on July 30, 2003. The rejected proposed complaint and Count II of plaintiff's Complaint seek the same relief, and should therefore be addressed consistently. In denying plaintiff's motion to amend complaint, this Court held, "[t]his allegation ignores the express language of this Court that the relevant credit card transactions occurred prior to any gambling" *In re Mastercard III*, 2003 WL 27183301 at *6, 2003 U.S. Dist. Lexis 13534 at *18. Given the Court's unequivocal language and the applicability of that ruling's analysis to Complaint Count II, plaintiff's remaining declaratory judgment claim should be dismissed.

This Court has previously determined, and the Fifth Circuit has affirmed, that the transactions at issue consist of two separate events: (1) plaintiff's transaction with the credit card company, which ended upon the receipt of credit and (2) plaintiff's subsequent online gambling. *In re Mastercard I*, 132 F. Supp. At 479, *aff'd*, *In re Mastercard II*, 313 F. 3d at 262; *In re Mastercard III*, 2003 WL 21783301 at *6. Indeed, in dismissing plaintiffs' RICO claims, this

Court stated, "It is a temporal impossibility for the defendants to have completed their transaction with the plaintiff before he gambled and to and then to be prosecuted for collecting the proceeds of a gambling device, which can only take place after some form of gambling is completed." *In re Mastercard I*, 132 F. Supp at 479, *aff'd*, *In re Mastercard II*, 313 F. 3d at 262. In denying plaintiffs' motion to amend their complaints, this Court repeated that "there is no possibility that plaintiffs can prevail on their claim that defendants violated state law by gambling over the Internet." *In re Mastercard III*, 2003 WL 27183301 at *6, 2003 U.S. Dist. Lexis 13534 at *18.

In light of this Court's and the Fifth Circuit's previous holdings, plaintiff's state law claims must fail. Plaintiff's Complaint alleges violations of Connecticut statutes. *See* Conn. Gen. Stat. Ann. §§ 52-29, 52-553. Those statutes prohibit gambling proceed transactions. Plaintiff's instant claims fail under Connecticut state law because this case does not involve gambling debt or gaming contracts. Accordingly,

**IT IS ORDERED** that defendant People's Bank Corporation's Motion to Dismiss (Rec. Doc. No. 110) is hereby **GRANTED** and plaintiff's remaining claims are hereby **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(6).

New Orleans, Louisiana, this 11th day of February, 2004.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE