FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 FEB 12  PM 1: 05

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: MASTERCARD INTERNATIONAL, INC. INTERNET GAMBLING LITIGATION | CIVIL ACTION |
| | NO. 00-MD-1321 |
| | 00-MD-1322 |
| | SECTION "K" (5) |

**********************************************************************

| | |
|---|---|
| MARK D. EISELE | CIVIL ACTION |
| v. | NO. 00-0660 |
| VISA INTERNATIONAL SERVICE ASSOC. & FIRST UNION NATIONAL BANK, ET AL. | |

### ORDER & REASONS

Before this Court is defendant Wachovia Bank's Motion to Dismiss (Rec. Doc. No. 105).

Having reviewed the pleadings, memoranda, and relevant law, the Court **GRANTS** the motion

and **DISMISSES** plaintiff's remaining claims.

### I.   BACKGROUND

This multidistrict litigation arises from allegations that MasterCard International, Visa

1

DATE OF ENTRY

FEB 1 2 2004

___ Fee___
___ Process___
_X_ Dktd___
_✓_ CtRmDep___
___ Doc. No. 136

International and several banks that issue MasterCard and Visa credit cards have interacted with a number of Internet casinos in a manner that violates laws of the United States and various states. Numerous putative class actions were filed in district courts around the country and were transferred to the Eastern District of Louisiana by order of the Judicial Panel on Multidistrict Litigation on March 1, 2000. In the lawsuit, plaintiffs attempt to use the Racketeer Influenced and Corrupt Organizations Act ("RICO") to avoid debts they incurred when they used their credit cards to purchase credits, or "chips," with which they gambled at on-line casinos and to recover injuries they allegedly sustained by reason of the RICO violations of the defendants.

This Court ordered the plaintiffs in two "test" cases to file, respond, and reply to motions pursuant to Federal Rule of Civil Procedure 12 and Federal Rule of Civil Procedure 19 with respect to the federal claims only. The Court granted the 12(b)(6) motion brought by the defendants on February 23, 2001. A copy of the opinion detailing the disposition of the case can be found at *In re Mastercard International Inc., Internet Gambling Litigation,* 132 F.Supp. 468 (E.D. La. 2001). Plaintiffs appealed and the Fifth Circuit affirmed the Court's decision. *In re MasterCard International, Inc. Internet Gambling Litigation,* 313 F.3d 257 (5th Cir. 2002). In short, this Court concluded and the Fifth Circuit affirmed that plaintiffs did not allege facts showing a pattern of racketeering activity or the collection of an unlawful debt; a RICO enterprise; or participation in the management of the enterprise. *Internet Gambling Litigation,* 313 F.3d at 261.

On May 27, 2003 plaintiffs filed a Motion for Leave to Amend Complaint. The Court denied that motion on July 30, 2003. The Court's ruling on the proposed amendment is available at *In re Mastercard International, Internet Gambling Litigation,* 2003 WL 27183301, 2003 U.S.

Dist. Lexis 13534 (E.D.La. 2003). On September 4, 2003, Judgment was entered pursuant to

Federal Rule of Civil Procedure 54(b) dismissing plaintiffs' RICO claims and denying plaintiffs'

motion to amend.

On September 29, 2003, defendant filed the instant Motion to Dismiss pertaining to

plaintiff's remaining state law claims. The Court heard the motion on December 3, 2003.

## II.   DISCUSSION

*A.     Jurisdiction*

Federal subject matter jurisdiction may be based on federal question jurisdiction, 28

U.S.C. § 1331, or diversity jurisdiction, 28 U.S.C. § 1332. Where a district court has original

jurisdiction over a cause of action, that court has discretion to exercise supplemental jurisdiction

pursuant to 28 U.S.C. § 1367 over all other claims so related to the action that they form the

same case or controversy. Supplemental jurisdiction may continue "even after the federal

claims upon which jurisdiction is based have been dismissed or rendered moot." *Baker v.

Farmers Electric Cooperative, Inc.*, 34 F. 3d 274, 283 (5th Cir. 1994). A district Court has broad

discretion in deciding whether to retain jurisdiction. *Newport Ltd. v. Sears, Roebuck & Co.*, 941

F. 2d 302, 307 (5th Cir. 1991). Where a plaintiff's state law claims lack merit, a district court

may retain jurisdiction to dismiss those claims on the merits. *Korzen v. Local Union 705*, 75 F.

3d 285 (7th Cir. 1996).

In the instant matter, this Court has dismissed plaintiff's basis for federal question

jurisdiction, the RICO claims, in an Order and Reasons signed February 23, 2001 (Rec. Doc. No.

35).  The Declaratory Judgment Act, 28 U.S.C. § 2201, does not provide an independent basis for

jurisdiction.  *TTEA v. Ysleta Del Sur Pueblo*, 181 F. 3d 676, 681 (5th Cir. 1999) ("[T]he

declaratory judgment statute offers no independent ground for jurisdiction.  Rather, it permits the

award of declaratory relief only when other bases for jurisdiction are present."); *Commercial*

*Metals Co. v. Balfour Guthrie, and Co.*, 577 F. 2d 264, 269 (5th Cir. 1978) ("The Declaratory

Judgment Act, furthermore, was not intended to be used as a contrivance to create jurisdiction

which does not otherwise exist.")  Consequently, no remaining basis for federal question subject

matter jurisdiction exists here.

     Furthermore, no 28 U.S.C. § 1332 diversity jurisdiction has been plead in this case.

Plaintiff Eisele and defendant First Union National Bank are both residents of North Carolina.

That leaves the Court with only 28 U.S.C. § 1367 to consider as a jurisdictional basis.

     Furthermore, as there is no remaining federal question jurisdiction and no diversity

jurisdiction in the matter at bar, this Court shall apply its broad discretion to the decision of

whether to exercise 28 U.S.C. § 1367 supplemental jurisdiction to decide plaintiff's remaining

state law claims.  Having presided over this matter for more than three years, having studied the

pleadings, memoranda, and relevant law, and having considered the facts, the judicial economy,

fairness to litigants, and comity with state courts, this Court shall exercise supplemental subject

matter jurisdiction pursuant to 28 U.S.C. § 1367 and address the merits of plaintiff's state law

claims.  *See Newport*, 941 F. 2d 302; *Korzen*, 75 F. 3d 285.


*B.*     *Rule 12(b)(6)*

     Counts I and II of plaintiff's Complaint seek (1) declaratory judgment that plaintiff's debt

owed to defendants is "void and/or voidable," (2) cancellation of such debts, and (3) return of

funds plaintiff has paid defendants. These counts are virtually identical to the declaratory

judgment count in plaintiffs' proposed amended complaint, which the Court rejected on July 30,

2003. The rejected proposed complaint and Counts I and II of plaintiffs' Complaint seek the

same relief, and should therefore be addressed consistently. In denying plaintiff's motion to

amend complaint, this Court held, "[t]his allegation ignores the express language of this Court

that the relevant credit card transactions occurred prior to any gambling" *In re Mastercard III*,

2003 WL 27183301 at *6, 2003 U.S. Dist. Lexis 13534 at *18. Given the Court's unequivocal

language and the applicability of that ruling's analysis to Complaint Counts I and II, plaintiff's

remaining declaratory judgment claims should be dismissed.

This Court has previously determined, and the Fifth Circuit has affirmed, that the

transactions at issue consist of two separate events: (1) plaintiff's transaction with the credit card

company, which ended upon the receipt of credit and (2) plaintiff's subsequent online gambling.

*In re Mastercard I*, 132 F. Supp. At 479, *aff'd*, *In re Mastercard II*, 313 F. 3d at 262; *In re

Mastercard III*, 2003 WL 21783301 at *6. Indeed, in dismissing plaintiff's RICO claims, this

Court stated, "It is a temporal impossibility for the defendants to have completed their transaction

with the plaintiff before he gambled and to and then to be prosecuted for collecting the proceeds

of a gambling device, which can only take place after some form of gambling is completed." *In

re Mastercard I*, 132 F. Supp at 479, *aff'd*, *In re Mastercard II*, 313 F. 3d at 262. In denying

plaintiff's motion to amend their complaints, this Court repeated that "there is no possibility that

plaintiffs can prevail on their claim that defendants violated state law by gambling over the

Internet." *In re Mastercard III*, 2003 WL 27183301 at *6, 2003 U.S. Dist. Lexis 13534 at *18.

In light of this Court's and the Fifth Circuit's previous holdings, plaintiff's state law claims must fail regardless of which state's law applies. Plaintiff's Complaint alleges violations of New York and North Carolina statutes. *See* N.Y. Gen. Oblig. Law §§ 5-411, 5-413; N.Y. Penal Law §§ 225.05, 225.10. Those statutes prohibit gambling proceed transactions. Plaintiff's instant claims fail under each state's laws because this case does not involve gambling debt or gaming contracts. Accordingly,

**IT IS ORDERED** that defendant Wachovia Bank's Motion to Dismiss (Rec. Doc. No. 105) is hereby **GRANTED** and plaintiffs' remaining claims are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 11 day of February, 2004.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**

6