


FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 FEB 19 PM 4:49

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

IN RE: MASTERCARD INTERNATIONAL, INC.      CIVIL ACTION
INTERNET GAMBLING LITIGATION

NO. 00-MD-1321
00-MD-1322

SECTION "K" (5)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

EVELYN L. BROWN     CIVIL ACTION

v.     NO. 00-0657

MASTERCARD INTERNATIONAL, INC.
AND FIDELITY FEDERAL BANK

## ORDER & REASONS

Before this Court is defendant Fidelity Federal Bank's Motion to Dismiss (Rec. Doc. No. 108). Having reviewed the pleadings, memoranda, and relevant law, the Court **GRANTS** the motion and **DISMISSES** plaintiff's remaining claims.

### I. BACKGROUND

This multidistrict litigation arises from allegations that MasterCard International, Visa

1

Fee _____
Process _____
X Dktd _C_a_g_____
___ CtRmDep_____
___ Doc. No. _142_

DATE OF ENTRY
FEB 2 0 2004

International and several banks that issue MasterCard and Visa credit cards have interacted with a number of Internet casinos in a manner that violates laws of the United States and various states. Numerous putative class actions were filed in district courts around the country and were transferred to the Eastern District of Louisiana by order of the Judicial Panel on Multidistrict Litigation on March 1, 2000. In the lawsuit, plaintiffs attempt to use the Racketeer Influenced and Corrupt Organizations Act ("RICO") to avoid debts they incurred when they used their credit cards to purchase credits, or "chips," with which they gambled at on-line casinos and to recover injuries they allegedly sustained by reason of the RICO violations of the defendants.

This Court ordered the plaintiffs in two "test" cases to file, respond, and reply to motions pursuant to Federal Rule of Civil Procedure 12 and Federal Rule of Civil Procedure 19 with respect to the federal claims only. The Court granted the 12(b)(6) motion brought by the defendants on February 23, 2001. A copy of the opinion detailing the disposition of the case can be found at *In re Mastercard International Inc., Internet Gambling Litigation*, 132 F.Supp. 468 (E.D. La. 2001). Plaintiffs appealed and the Fifth Circuit affirmed the Court's decision. *In re MasterCard International, Inc. Internet Gambling Litigation*, 313 F.3d 257 (5th Cir. 2002). In short, this Court concluded and the Fifth Circuit affirmed that plaintiffs did not allege facts showing a pattern of racketeering activity or the collection of an unlawful debt; a RICO enterprise; or participation in the management of the enterprise. *Internet Gambling Litigation*, 313 F.3d at 261.

On May 27, 2003 plaintiffs filed a Motion for Leave to Amend Complaint. The Court denied that motion on July 30, 2003. The Court's ruling on the proposed amendment is available at *In re Mastercard International, Internet Gambling Litigation*, 2003 WL 27183301, 2003 U.S.

Dist. Lexis 13534 (E.D.La. 2003). On September 4, 2003, Judgment was entered pursuant to Federal Rule of Civil Procedure 54(b) dismissing plaintiffs' RICO claims and denying plaintiffs' motion to amend.

On September 29, 2003, defendants filed the instant Motion to Dismiss pertaining to plaintiffs' remaining state law claims. The Court heard the motion on December 3, 2003.

## II.   DISCUSSION

*A.   Jurisdiction*

Federal subject matter jurisdiction may be based on federal question jurisdiction, 28 U.S.C. § 1331, or diversity jurisdiction, 28 U.S.C. § 1332. Where a district court has original jurisdiction over a cause of action, that court has discretion to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all other claims so related to the action that they form the same case or controversy. Supplemental jurisdiction may continue "even after the federal claims upon which jurisdiction is based have been dismissed or rendered moot." *Baker v. Farmers Electric Cooperative, Inc.*, 34 F. 3d 274, 283 (5th Cir. 1994). A district Court has broad discretion in deciding whether to retain jurisdiction. *Newport Ltd. v. Sears, Roebuck & Co.*, 941 F. 2d 302, 307 (5th Cir. 1991). Where a plaintiff's state law claims lack merit, a district court may retain jurisdiction to dismiss those claims on the merits. *Korzen v. Local Union 705*, 75 F. 3d 285 (7th Cir. 1996).

In the instant matter, this Court has dismissed plaintiffs' basis for federal question jurisdiction, the RICO claims, in an Order and Reasons signed February 23, 2001 (Rec. Doc. No.

35). The Declaratory Judgment Act, 28 U.S.C. § 2201, does not provide an independent basis for jurisdiction. *TTEA v. Ysleta Del Sur Pueblo*, 181 F. 3d 676, 681 (5th Cir. 1999) ("[T]he declaratory judgment statute offers no independent ground for jurisdiction. Rather, it permits the award of declaratory relief only when other bases for jurisdiction are present."); *Commercial Metals Co. v. Balfour Guthrie, and Co.*, 577 F. 2d 264, 269 (5th Cir. 1978) ("The Declaratory Judgment Act, furthermore, was not intended to be used as a contrivance to create jurisdiction which does not otherwise exist.") Consequently, no remaining basis for federal question subject matter jurisdiction exists here.

Plaintiff's Complaint cites 28 U.S.C. § 1332 diversity as a basis for jurisdiction. Complaint at ¶ 8. Plaintiff Brown is a resident of Alabama and defendant Fidelity Federal Bank resides in California. *Id.* at ¶¶ 4, 6. The Complaint alleges that the "amount in controversy exceeds $75,000 exclusive of interest, costs, and attorneys' fees." *Id.* at ¶ 9. Defendant concurs that diversity jurisdiction applies. Thus, this Court holds that 28 U.S.C. § 1332 jurisdiction exists here.

Alternatively, this Court shall apply its broad discretion to the decision of whether to exercise 28 U.S.C. § 1367 supplemental jurisdiction to decide plaintiff's remaining state law claims. Having presided over this matter for more than three years, having studied the pleadings, memoranda, and relevant law, and having considered the facts, the judicial economy, fairness to litigants, and comity with state courts, this Court shall exercise supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367 and address the merits of plaintiff's state law claims. *See Newport*, 941 F. 2d 302; *Korzen*, 75 F. 3d 285.

B.  *Rule 12(b)(6)*

The remaining counts of plaintiff's Complaint seek (1) declaratory judgment that plaintiff's debt owed to defendants is "void and/or voidable," (2) cancellation of such debts, and (3) return of funds plaintiff has paid defendants. These counts are virtually identical to the declaratory judgment count in plaintiffs' proposed amended complaint, which the Court rejected on July 30, 2003. The rejected proposed complaint and the instant counts of plaintiffs' Complaint seek the same relief, and should therefore be addressed consistently. In denying plaintiffs' motion to amend complaint, this Court held, "[t]his allegation ignores the express language of this Court that the relevant credit card transactions occurred prior to any gambling" *In re Mastercard III*, 2003 WL 27183301 at *6, 2003 U.S. Dist. Lexis 13534 at *18. Given the Court's unequivocal language and the applicability of that ruling's analysis to the instant Complaint, plaintiffs' remaining declaratory judgment claims should be dismissed.

This Court has previously determined, and the Fifth Circuit has affirmed, that the transactions at issue consist of two separate events: (1) plaintiff's transaction with the credit card company, which ended upon the receipt of credit and (2) plaintiff's subsequent online gambling. *In re Mastercard I*, 132 F. Supp. At 479, *aff'd*, *In re Mastercard II*, 313 F. 3d at 262; *In re Mastercard III*, 2003 WL 21783301 at *6. Indeed, in dismissing plaintiff's RICO claims, this Court stated, "It is a temporal impossibility for the defendants to have completed their transaction with the plaintiff before he gambled and to and then to be prosecuted for collecting the proceeds of a gambling device, which can only take place after some form of gambling is completed." *In re Mastercard I*, 132 F. Supp at 479, *aff'd*, *In re Mastercard II*, 313 F. 3d at 262. In denying plaintiffs' motion to amend their complaints, this Court repeated that "there is no possibility that

5

plaintiffs can prevail on their claim that defendants violated state law by gambling over the Internet." *In re Mastercard III*, 2003 WL 27183301 at *6, 2003 U.S. Dist. Lexis 13534 at *18.

In light of this Court's and the Fifth Circuit's previous holdings, plaintiff's state law claims must fail. Plaintiff's Complaint alleges violations of Alabama statutes. *See* Ala. Code §§ 13A-12-20, 13A-12-22, 13A-12-27, 8-1-150(a). Those statutes prohibit gambling proceed transactions. Plaintiff's instant claims fail under both states' laws because this case does not involve gambling debt or gaming contracts. Accordingly,

**IT IS ORDERED** that defendant Fidelity Federal Bank's Motion to Dismiss (Rec. Doc. No. 108) is hereby **GRANTED** and plaintiffs' remaining claims are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this _____ day of February, 2004.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE